FRANCES A. PARR, as Administratrix, etc., Respondent, *v.* THE VILLAGE OF GREENBUSH, Appellant.

P., plaintiff's intestate, entered into a contract with defendant, by which he agreed to flag, pave and curb one of its streets, defendant to furnish the necessary sand and gravel; this it did not do. Subsequently defendant's board of trustees adopted a resolution that P. be required to proceed and perform, without delay, his contract, and it was also resolved that if the necessary sand and gravel were not furnished and the proper grading not done in time for P. to commence work, he should be authorized to furnish said sand and gravel and do such grading. Thereafter P. furnished the sand and gravel and claiming to have fully performed his contract, brought an action to recover for the materials furnished and work performed. Defendant denied performance of the contract. The referee found that defendant neglected and omitted to furnish the necessary sand and gravel and to properly grade

the street according to the contract, in consequence of which P. could not fully perform the contract on his part, but that under the resolutions he furnished such materials and performed the work according to the terms of the contract, with some specified exceptions; that at a meeting of the board the claim was approved and defendant's president was ordered to pay it. He found, as a conclusion of law, that defendant had waived the defects and accepted the work as a full and complete performance; that plaintiff was not entitled to recover for the sand, gravel and grading, as there was no proof that sealed proposals for them had been advertised for, or that the contract therefor had been let to the lowest bidder and so that the resolution was in violation of defendant's charter. He awarded judgment for plaintiff for the amount fixed by the contract for the work done under it. Defendant alone appealed. While the appeal was pending an agreement of compromise and settlement of the suit and litigation was made and the amount agreed upon was paid to P. Thereafter P. brought this action to recover the liquidated damages as fixed by the contract for defendant's failure to furnish sand and gravel and do the grading.  *Held* (GRAY, J., dissenting), that the agreement of compromise and settlement furnished a defense to the action; that it applied to everything embraced in the litigation and dispute between the parties.

Also, *held,* that this action could not be maintained, as plaintiff, standing upon the original contract, could not put the defendant in default except by showing a readiness and willingness to perform his part of the contract and demanding performance on the part of defendant; that defendant's refusal to furnish the sand and gravel and do the grading gave plaintiff no right to furnish those materials and go on with the work and then recover the extra expense as damages; his only remedy was to stop on defendant's refusal to perform, and bring an action for damages for breach of the contract.

Also, *held,* that performance by P. of that part of the contract which required sand and gravel to be furnished and grading to be done, having been substituted in place of performance by defendant, he could not allege a breach of the contract by defendant; and so, the fact that he could not recover for the work done and materials furnished under the void resolution did not authorize a recovery as for a breach of the contract.
*Parr* v. *Village of Greenbush* (42 Hun, 232) reversed.

(Argued December 6, 1888; decided January 22, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made December 1, 1886, which affirmed a judgment in favor of plaintiff entered on a trial by the court at Circuit without a jury. (Reported below, 42 Hun, 232.)

This action was commenced by Richard Parr in his lifetime, to recover liquidated damages for the breach of a contract entered into between him and the village of Greenbush, defendant, on the 20th day of December, 1879.

By that contract Parr agreed to flag, pave and curb the west side of East street, in the village, as follows : To furnish and set curb-stone, to furnish cobble-stone and pave the carriage-way four feet from the curb, to furnish and lay a course of flag-stone four feet wide in the center of the sidewalk, the balance of the sidewalk to be of good paving brick. The work was to be commenced in the month of May, 1871, and completed without unnecessary delay. The village was to pay three dollars per lineal foot when the job was completed, and was to furnish the necessary sand and gravel, and to properly grade the street. The final clause of the agreement was as follows : " And for the true and faithful performance of all and every of the covenants and agreements above mentioned the parties to these presents bind themselves, each unto the other, in the penal sum of five thousand dollars, as fixed and settled damages to be paid by the failing party. It does not appear that any action was taken by either party under this contract prior to the 30th day of September, 1873. On that day a meeting of the board of defendant's trustees was held, at which the president stated that the village was threatened with lawsuits to the amount of $9,000 or $10,000, in the case of Richard Parr, and that in the record of the board of trustees for the year 1870 there was no mention of a contract with the board for the construction of a sidewalk on the west side of East street. Thereupon the board, by a vote of five to four, adopted this resolution : ·

" *Resolved*, That Richard Parr, Jr., be and he is required to proceed and perform without delay his contract with the village for flagging, and paving, and curbing the west side of East street, from Partition street to Second avenue, according to the terms of the within contract with him, bearing date December 20th, 1870."

Then the following resolution was adopted by a like vote :

" *Resolved*, That if the necessary sand and gravel are not furnished, and the proper grading is not done in season for the said Parr to commence work, that the said Parr is authorized to furnish said sand and gravel, and do such grading."

Thereafter Parr furnished the sand and gravel, and did the grading, and by the 5th day of January, 1874, claimed to have fully performed his contract. On the 13th day of January, 1874, he presented to the board bills for furnishing the sand and gravel and grading, amounting in the aggregate to $6,283.25. The allowance and payment of these bills was resisted by the president and three of the trustees, but they were finally allowed and ordered to be paid by a vote of five to four. Finally, after a change in the composition of the board, the village refused to pay Parr for furnishing the sand and gravel, and the grading, and also for the work performed under his contract, on several grounds.

About the 1st of September, 1874, Parr commenced an action against the defendant to recover for the entire work performed and materials furnished, and, in his complaint, demanded judgment for $17,284.25. To that action the defendant interposed an answer admitting its incorporation and denying all the other allegations contained in the complaint. The action was brought to trial at a circuit and the plaintiff recovered his entire claim for the gravel, sand and grading, and the work under his contract; and the judgment was affirmed upon the appeal of the defendant at the General Term. The defendant then appealed to this court, where that judgment was reversed. (76 N. Y. 463.) The grounds of the reversal, as they appear in the opinion, were, that improper evidence had been received, and that the resolution authorizing the plaintiff to furnish the sand and gravel and do the grading was in violation of the defendant's charter and illegal, and that the plaintiff could not, therefore, recover for such work and material. Upon the trial of that action, as appears from the opinion pronounced in this court, the defendant claimed that the contract of December 20, 1870, was abandoned with the consent of

Parr; that the contract was the result of fraud practiced by Parr, and of fraud and conspiracy between him and the trustees of the village, or some of them; that the contract was not fully performed; that the work and materials were imperfect and inferior, and that the trustees in office at the time accepted the work and audited the bills in consequence of the fraud and conspiracy entered into between them, or some of them, and the plaintiff. After the decision of this court the action was referred to a referee and tried before him, and he found that the defendant neglected and omitted to furnish the necessary sand and gravel, and to properly grade the street in accordance with its contract with Parr; that the plaintiff could not fully perform on his part the terms of the contract until such sand and gravel were furnished and the grading was done; that the trustees, at their meeting on the 30th of September, 1873, passed the resolutions above set out; and that, pursuant to the resolutions, the plaintiff furnished the sand and gravel and did the grading for the defendant to the amount of $6,283.25; that the plaintiff thereafter performed the work and furnished the materials required of him by his contract with the defendant and according to the terms thereof, excepting that about one-third of the bricks used by the plaintiff in the work were not of the quality called for by the contract and were unfit for paving purposes; that at a meeting of the board, held on the 20th of January, 1874, the claim of the plaintiff was approved and the president was ordered to pay the same. And he found, as a conclusion of law, that the defendant had waived the defects in the performance of the contract and accepted the work performed by the plaintiff thereunder as a full and complete performance thereof; that the plaintiff was not entitled to recover anything on account of, or for furnishing the sand and gravel and grading, for the reason that there was no proof that sealed proposals for doing the same were advertised for, or that the contract therefor was awarded to the lowest responsible bidder. And he ordered judgment for the plaintiff for the amount of his claim under the contract. The record shows that upon that trial the defendant again assailed the validity of the contract,

and claimed that the plaintiff had not performed the same according to its terms. From the judgment entered upon the report of the referee the defendant again appealed to the General Term. But it does not appear that the plaintiff appealed from so much of the judgment as was adverse to him. While the appeal was thus pending the parties entered into negotiations for a compromise and settlement of the litigation and suit which resulted in the execution of the following instrument:

" *Whereas*, The said parties are now engaged in litigation concerning work done on the west side of East street, in the village of Greenbush, the suit being now on appeal to the General Term of the Supreme Court, and the said parties have agreed to compromise and settle the same, and the Boston and Albany Railroad Company affected by such suit, as owners of adjoining land, has, in furtherance of such compromise, and in consequence thereof, paid to the said village its share or proportion of the amount due, as fixed by compromise, and the village treasurer now pays the same to said Parr upon such compromise.

" This agreement witnesseth, that the said suit is for a valuable consideration moving between the parties, compromised at the following sum, to be paid by said village to said Parr or his attorneys: Balance recovery, $7,852.35, with interest thereon, from January 1, 1881 ; costs, $1,342,09, with interest thereon, from March 1, 1880 ; and that upon the payments of the amounts by the said village to said Parr or his attorneys, said judgment will be paid and satisfied in full, and said Parr will execute a satisfaction thereof.

" That if the village do not pay the same within ninety days from this date, the appeal now pending shall be withdrawn by the village, and the judgment stand for said amounts last named, and be enforced against the village for that amount.

### STATEMENT, AMOUNT OF COMPROMISE.

"Recovery, as agreed upon, $14,895.27, and interest from January 1, 1881; costs, $1,342.09, and interest from March 1,

1880; amount paid by Boston and Albany Railroad Company, $7,148.53."

And the full amount thus agreed to be paid was immediately after the execution of the agreement paid to Parr. Thereafter, and on or about the 31st day of January, 1882, he commenced this action to recover damages of the defendant for its failure to perform its contract of December 20, 1870, to furnish the sand and gravel and do the grading. In his complaint he sets forth that contract and alleged that the defendant neglected and refused to perform the work required of it by its terms, whereby he sustained great loss and damage, and was compelled, and did at the special instance and request of the defendant itself, grade the street and furnish the sand and gravel, and he demands judgment for $5,000, the amount of the liquidated damages. The answer denies the making of the contract and its breach by defendant, and alleges that the plaintiff had failed to perform the same; denies that he at the request of the defendant had furnished the sand and gravel and done the grading as claimed; sets up as a bar the statute of limitations, the former recovery and also the compromise agreement and settlement above set out. The issues thus formed were brought to trial at a circuit before a judge without a jury. The judge found as matter of fact that the contract of December 20, 1870, was properly made in writing under seal; that the two resolutions of September 30, 1873, were passed; that the defendant neglected and refused to furnish the necessary sand and gravel and to properly grade the street and wholly failed to perform the provisions of the contract in that respect; that the plaintiff could not fulfill on his part until the sand and gravel were furnished and the grading done; that he thereupon proceeded to perform on his part the provisions of the contract, and the defendant accepted their performance, and thereafter the plaintiff presented to the board of trustees his bills for the work done and materials furnished in flagging, paving and curbing the street and in grading the same, including the sand and gravel, which bills were approved by the board of

trustees and admitted to be correct, but that the defendant refused to pay the bills or any part thereof; that the plaintiff thereupon commenced the action in the Supreme Court, in which he finally recovered as hereinbefore mentioned; and that thereafter the compromise agreement was entered into, and he held that the judgment in the former action was not a bar to this action; that the settlement of the former suit and satisfaction of the judgment were not a defense to this action, and that the statute of limitations was not a bar thereto, and he ordered judgment for the plaintiff for the amount of the liquidated damages. He also found, upon request of the defendant, that about one-third of the bricks used by Parr in the performance of the contract were not of the quality required by the contract and were unfit for paving purposes; that on or about September 13, 1873, Parr undertook to furnish the sand and gravel and do the grading in pursuance of a resolution of the board of trustees, and that Parr afterwards furnished the sand and gravel and did the grading under and in pursuance of the resolution; and he found, as matter of law, that the passage of the resolution of September 30, 1873, and the performance of the work and furnishing the sand and gravel by Parr pursuant thereto, was an abandonment by mutual consent of that portion of the contract of December 20, 1870, requiring the defendant to do the grading and furnish the sand and gravel, and was, in effect, an attempted alteration of the contract whereby the defendant was relieved from doing the work and furnishing the sand and gravel. The judgment ordered for the plaintiff for the amount of the liquidated damages has upon appeal to the General Term been affirmed.

*R. E. Andrews* for appellant. The agreement of settlement and compromise was a defense to this action. (*Allamon* v. *Mayor, etc.,* 43 Barb. 33; *Collins* v. *Bennett,* 46 N. Y. 496.) If the agreement or compromise fails plainly, on its face, to embrace the alleged cause of action here, parol evidence may be given to show its true application. (*Galen* v. *Brown,* 22 N. Y. 37, 40; *Cole* v. *Wendel,* 8 Johns. 117; *Ellis* v.

*Britton*, 4 Wend. 507; *Baker* v. *Johnson*, 2 Robt. 570, 584; *Spencer* v. *Babcock*, 22 Barb. 334; *Phelps* v. *Bostwick*, 22 id. 317; *Colburn* v. *Lansing*, 46 id. 42; *Mansfield* v. *N. Y. C. R. R. Co.*, 102 N. Y. 215; *Foster* v. *Newbrough*, 58 id. 481.) The former adjudication and judgment are a bar to this action. (72 N. Y. 464; *Allamon* v. *Mayor, etc.*, 43 Barb. 33, 38, 39; Moak's Van Santvoord's Pleadings [3d ed.] 493, 494; *Dubois* v. *D. & H. C. Co.*, 4 Wend. 285; *Jewell* v. *Schroeppel*, 4 Cow. 564; *Embury* v. *Conner*, 3 Com. 522; *Perry* v. *Dickerson*, 85 N. Y. 345, 346, 351; *Pray* v. *Hegeman*, 98 id. 358; *Thorp* v. *Ross*, 4 Keyes, 546, 554.) The plaintiff, by himself furnishing the sand, gravel, and grading, and performing the residue of the work and receiving payment for it, waived the breach by the defendant of its agreement so to do. (*Thorp* v. *Ross*, 4 Keyes, 554; *Parr* v. *Village of Greenbush*, 72 N. Y. 472.) Liquidated damages were erroneously adjudged to the plaintiff at the Circuit. (Laws 1854, chaps. 383, 808; Laws 1863, chaps. 278, 490; *Little* v. *Banks*, 85 N. Y. 258; 72 id. 464, 465, 466; 2 Kent's Com. [13th ed.] 299; *Bagley* v. *Peddle*, 16 N. Y. 474; *Beale* v. *Hayes*, 5 Sandf. 644; *Mott* v. *Mott*, 11 B. & R. 134; *Shute* v. *Hamilton*, 3 Daly, 462, 467; *Esmond* v. *Van Benschoten*, 12 Barb. 373; 3 Wait's Law and Pr. 804; *Lampman* v. *Cochrane*, 16 N. Y. 275, 278; *Town of Wheatland* v. *Taylor*, 29 Hun, 70, 72; 5 Metc. 61.) The agreement to pay $5,000 was void, because the trustees of the village had no power to raise by tax from the taxable inhabitants, more than $1,000 in one year for debts and expenses, and an additional $1,000 after public notice of intention so to do, and a vote of consent by a majority of the taxable inhabitants. (*Parr* v. *Village of Greenbush*, 72 N. Y. 463, 472.) The alleged cause of action is barred by the statute of limitations. (Angell & Ames on Corp. [9th ed.] § 226; 1 Dillon on Mun. Corp. [3d ed. 1881] §§ 191, 452, 461.)

*E. Countryman* for respondent. The contract in question was adjudged valid in the former suit. And the subsequent

resolution authorizing Parr to furnish material and grade the
street was held invalid. (*Parr* v. *Greenbush,* 72 N. Y. 463.)
The failure of the defendant to furnish the sand or gravel or
to grade the street relieved the plaintiff's intestate from show-
ing full performance of the contract on his part, as the furnish-
ing such material and grading the street were preliminary acts
necessary to be done before the other party could enter on his
performance. (*Mansfield Case,* 102 N. Y. 205 ; *Starbird* v.
*Barrons,* 38 id. 231, 237 ; *Cross* v. *Beard,* 26 id. 85, 88.) The
former judgment is no bar to this action. (*Perry* v. *Dicker-*
*son,* 85 N. Y. 345 ; *Hartley* v. *Harmon,* 11 Ad. & Ellis, 798 ;
*Marsh* v. *Masterson,* 18 J. & S. 187 ; 101 N. Y. 401 ; *Stowell*
v. *Chamberlain,* 60 id. 272, 276, 277 ; *Dawley* v. *Brown,* 79
id. 391, 397, 398, 399 ; *Palmer* v. *Hussey,* 87 id. 303 ; *Belden*
v. *State,* 103 id. 1, 8 ; *People* v. *Hall,* 104 id. 171, 178 ; *Camp-*
*bell* v. *Butts,* 3 id. 173 ; *Smith* v. *Smith,* 79 id. 634 ; *Camp-*
*bell* v. *Consalus,* 25 id. 613, 616 ; *Bell* v. *Merrifield,* 109 id.
203, 209 ; *Mansfie'd Case,* 102 id. 205 ; *Cross* v. *Beard,* 26
id. 88.) The statute of limitation is not a bar to the action.
(*Bank of Middlebury* v. *R., etc., R. R. Co.,* 30 Vt. 160, 171 ;
*Tenney* v. *E. W. Co.,* 43 N. H. 343 ; *Pickens* v. *Rymer,* 90
N. C. 282 ; 1 Dillon's Munic. Corp. [3d ed.] § 190 ; *Mill*
*Foundry* v. *Hovey,* 21 Pick. 428 ; *Porter* v. *A., etc., R. R.*
*Co.,* 37 Me. 350 ; *S. Church* v. *Clapp,* 18 Barb. 36, 49 ; *Tay-*
*lor* v. *Heggie,* 83 N. C. 244 ; *Jefferson County* v. *Lewis,* 20
Fla. 982 ; *Tenney* v. *Lumber Co.,* 43 N. H. 354, 355 ; *Flint*
v. *Clinton Co.,* 12 id. 430, 431, 434 ; *Phillips* v. *Coffee,* 17
Ill. 154, 157 ; *Stebbins* v. *Merritt,* 10 Cush. 27, 34 ; *Reynolds*
v. *Trustees, etc.,* 6 Dana, 38, 39 ; *City Council* v. *Moorhead,*
2 Rich. Law [S. C.] 430 ; *Lavett* v. *S., etc., Ass'n,* 6 Paige,
54 ; *Hoopes* v. *A., etc., Co.,* 37 Hun, 569 ; *Schollard Case,* 70
Cal. 144 ; Perkins on Conveyancing, 58, § 132 ; *Foot* v. *R.,*
*etc., R. R. Co.,* 32 Vt. 633 ; *Gram* v. *Seton,* 1 Hall, 262 ;
*Parish of St. James* v. *N., etc., R. R. Co.,* 141 Mass. 500 ;
*Case of Sutton's Hospital,* 10 Coke, 30 ; *H. S. District* v.
*Horst,* 62 Penn. 301, 307.) The plaintiff is entitled to recover
under the contract the sum of $5,000 as liquidated damages,

with interest thereon from June 1, 1871. (*Little* v. *Banks*, 85 N. Y. 258, 259, 266, 267; *Reilley* v. *Mayor, etc.*, 20 Week. Dig. 130; *Cotheal* v. *Talmadge*, 9 N. Y. 551; *Baglie* v. *Peddie*, 16 id. 469; *Clement* v. *Cash*, 21 id. 253; *Noyes* v. *Phillips*, 60 id. 408; *Kemp* v. *Knickerbocker Ice Co.*, 69 id. 46, 58; *Howell* v. *L. I. R. R. Co.*, 37 Hun, 382; 1 Dillon on Munic. Corp. [3d ed.] § 443; *Parr* v. *Greenbush*, 72 N. Y. 463; Laws of 1854, chaps. 814, 815, § 16, subd. 7; 821, § 28.) Whenever a right of action has once vested in a party, it can only be destroyed by a release under seal or by the receipt of something in satisfaction of the wrong done. (*McKnight* v. *Dunlop*, 5 N. Y. 537, 544; *Barber* v. *Rose*, 5 Hill, 76, 78; *Bowman* v. *Teale*, 23 Wend. 306, 309; *Willoughby* v. *Backhouse*, 2 Barn & Cr. 821.) The performance of a valid agreement cannot be waived by a subsequent illegal or void arrangement between the parties. (*Hasbrouck* v. *Tappan*, 15 Johns. 200; *Delacroix* v. *Buckley*, 13 Wend. 71, 74.) Except that full performance of the void agreement and mutual acceptance thereof would be equivalent to substitution and satisfaction. (*Dearborn* v. *Cross*, 7 Cow. 48; *Delacroix* v. *Buckley*, 13 Wend. 71, 75.) The contractor did not waive the defendant's breach of the contract, under the circumstances, by proceeding with and completing the work. (*Allamon* v. *Albany*, 43 Barb. 33.)

EARL, J. We are of opinion that the compromise and settlement made by the parties on the 4th day of April, 1881, furnish a defense to this action. It was held in the courts below that the compromise did not cover or embrace the claim upon which the plaintiff has recovered. We think it did. While the precise scope of the compromise agreement may not be entirely certain, it is our duty, interpreting all its language in the light of the surrounding circumstances, to give it that construction which is sustained by the best reasons and the greatest probabilities. It must be born in mind that from the beginning there was a very sharp controversy and dispute between some of the trustees of the defendant and Parr as to

the validity of the contract of December, 1870, and the manner of its performance. The defendant finally refused to pay for the work performed under the resolution and also under the contract, and when Parr brought suit to recover the amount claimed by him it was vigorously contested for several years. It was decided in this court that he could not recover for the grading done and gravel and sand furnished under the resolution of the board of trustees adopted in September, 1873. Nevertheless he persisted in his claim to recover those items upon the subsequent trial before the referee. And while the referee decided that he was not entitled to recover for them, he reported in his favor for the amount claimed by him under the contract of December, 1870. The defendant had evinced a determination to continue the litigation by its appeal to the General Term. In attempting a compromise and settlement at that stage, is it not probable that the parties would seek and intend to include in such settlement the entire controversy between them, and if they had not so intended that they would have embraced in the agreement some exception or reservation? It is not supposable that the defendant would have been willing to make the compromise and leave itself exposed to still further litigation upon the claim made in this action. There is, indeed, every probability that the parties would intend to embrace in their compromise and settlement the whole litigation and dispute between them concerning the entire work done by Parr for the village in connection with the sidewalk. It was that litigation and that dispute which they compromised and settled. It appears from the agreement that the Boston and Albany Railroad Company, which was in some way interested in the result of the litigation as owner of land liable to be assessed for the work, had paid its share and proportion, and the only reasonable presumption is that payment by it was induced by the belief that the sum paid was its full share of the entire claim of Parr for work done and materials furnished. The amount paid by the defendant upon the compromise settlement is not of much significance

in construing the agreement. It had not only resisted payment for the sand, gravel and grading, but also for the work done under the contract. And hence it appears that it refused even to pay the full amount of the judgment which had been entered against it. But whatever was paid was in settlement of the suit and litigation, and, in order to determine what was embraced in the suit and litigation, it is necessary to read the complaint. Suppose this compromise agreement had been made before any action had been commenced by Parr, and it had recited that it was in settlement and compromise of all Parr's claims for materials furnished and work done for the defendant, and a sum less than the amount claimed had been paid to and accepted by Parr under that compromise and agreement, would not the amount so paid and received have been applied upon all his claims? Again, suppose this precise agreement had been made while the case was still pending undecided before the referee, could it have been successfully claimed that the agreement and compromise did not embrace all the matters in dispute between the parties? We think not, and that for precisely the same reasons the compromise and settlement after judgment must apply to everything embraced in the judgment, not only, but, also, to everything embraced in the litigation and suit. The language should be so construed as to give effect to the presumed intention of the parties. It makes no difference that the claim now made is for the liquidated damages on account of the breach of the contract. If the plaintiff has received compensation for the work and materials which he furnished in order to enable him to perform his written contract, he cannot now recover damages of the defendant because it did not furnish the materials and perform the work.

We are, therefore, constrained to differ with the courts below in their construction of the compromise agreement, and to hold that it furnishes a defense to this action.

But if we assume that the compromise agreement does not furnish a defense to the action, there is still another ground for holding that the action cannot be maintained. The

plaintiff, standing upon the contract of December, 1870, could not put the defendant in default except by showing a readiness and willingness to perform his part of the contract, and demanding performance on the part of the defendant. There is no evidence whatever in the record showing that the plaintiff requested the defendant to perform its part of the contract, or that it refused to do so. Therefore, in September, 1873, when the resolution was adopted which authorized the plaintiff to furnish the sand and gravel and do the grading, he had no cause of action against defendant to recover damages for breach of the contract on its part. If, however, the defendant had absolutely refused to furnish the gravel and sand, and do the grading, its refusal alone would not have authorized the plaintiff to furnish the materials and do the work. Ordinarily, when one party to a contract refuses to perform, that alone does not authorize the other party to go on with the contract and perform for the defaulting party. If A contracts with B to do the labor requisite for the construction of a house upon A's land, who is to furnish the materials for that purpose, and A refuses to furnish the materials so that B can do the work, B is not thereby authorized to furnish the materials himself, and go on and complete his contract. Without A's consent B has no authority to enter upon his land, and B's only remedy is an action for damages for breach of the contract by A. So here, if the defendant refused to furnish the sand and gravel, and do the grading, and thus perform its covenants, the plaintiff had no right to enter upon the street, and do the work and furnish the materials at the expense of the defendant. His only remedy was to stop there and bring an action for damages against the defendant for its breach of the contract.

There are cases where one party to a contract may furnish the work and the materials which the other party is bound to furnish, and omits, upon request, to furnish, and where he may recover the expenses of furnishing them, as damages for a breach of the contract by such other party. It is difficult, if not impossible, to define those cases by any general rule.

It is sufficient to say that this is not one of them. Those cases are, generally, where one party to a contract has entered upon the performance thereof, and the other party omits, upon request, to do something of no great importance, to be thereafter performed before further progress can be made with the contract, and then the party anxious to perform does the work or furnishes the material which the other party ought to have done or furnished; and, in such case, he may recover the expense of the work done and materials furnished, as damages for a breach of the contract by the other party. Where the lessor has covenanted to repair, and the lessee enters into possession, and repairs thereafter become necessary, which the lessor refuses to make, the lessee may make them and recover the expenses of them, as damages for breach of the lessor's contract. But the cases must be very rare, if, indeed, there are any, where one party refuses to perform a condition precedent which stands in the way of any performance by the other party, and the latter party can nevertheless, perform the condition and recover the expense of such performance, as damages for a breach of the contract by the other party. The law, in such cases, recognizes the right and power of one party to defeat performance of the contract by the other party, and leaves him responsible for the damages he thus causes the other party, which damages are usually measured by the value to him of the contract thus practically destroyed. In other words, a party may repudiate or break a contract, while he cannot deny or destroy its obligations. (*Lord* v. *Thomas*, 64 N. Y. 107.)

Therefore, in furnishing the materials and doing the grading, the plaintiff did nothing which he was authorized to do by virtue of his contract. But he alleges in his complaint that he did the work and furnished the materials at the request of the defendant, and the trial judge found that he did so in pursuance of and under the resolution of September, 1873, and that the passage of that resolution and the performance of the work and the furnishing of the materials by the plaintiff under and in pursuance of the resolution, was an abandonment by

mutual consent of that portion of the contract of December, 1870, which required the defendant to do the grading and to furnish the sand and gravel, and was, in effect, an attempted alteration of the contract whereby the defendant was relieved from doing the work and furnishing the sand and gravel. In view of the allegations of the complaint and the findings of the trial judge, amply supported by the evidence, how can it be said that there was any breach of the contract on the part of the defendant? If it had requested some third party to furnish the materials and do the grading, even under an illegal contract which did not bind it, yet the materials having been furnished and the work done, he could not have alleged that it had broken its contract. Here, performance by the plaintiff was substituted in the place of performance by the defendant. He furnished the sand and gravel and did the grading upon its request, and how and upon what theory can he now claim a breach of contract on its part? The materials were furnished and the work was done under a contract between him and it, and that was assented to by him in lieu of performance by it. The only remedy thereafter left to him was an action to recover, if he could, for the materials furnished and the work done under the implied contract. If it turned out that his contract was illegal, and was not binding upon the village, he was in the same position that any other person would occupy who had done work and furnished materials for the defendant under an illegal and void contract. The fact that he could not recover upon his contract of September, 1873, furnishes no reason for holding that he can recover for breach of his contract of December, 1870. The latter contract was not broken by the defendant. It simply caused that to be performed by the plaintiff. The limitations in defendant's charter would be of little use if a party doing work for it under an illegal and void contract could still recover for the value of his work upon the theory of a breach of contract.

Therefore, in no aspect of this case as it now appears, did the plaintiff have a cause of action against the defendant to recover damages for a breach of contract.

. The judgment should therefore, be reversed, and a new trial granted.

GRAY. J. (dissenting).  I think it proper to explain my dissent from the conclusions reached by a majority of the court, by stating the grounds.  I do not think that the instrument, expressing the agreement of the parties to compromise, can be construed to cover the subject-matter of the present action.

The question presented is, what was settled by the terms of that agreement?  Not all claims and demands which the plaintiff might have against the village of Greenbush; for the instrument does not use such broad language.  The action then pending was to recover for the debt for the work done and materials furnished, and, as to the sand and gravel for which he claimed therein, he was defeated; for this court had decided that the resolution was illegal, on which plaintiff rested his right of recovery.  The penal clause in the original contract, however, gave him a cause of action on a new and independent ground, on which he was able to place himself.

. This agreement of compromise might, by the use of ordinary and usual words and phrases, have precluded any chance of plaintiff availing himself of other causes of actions, or demands, or claims; but the parties have not accomplished any such result.  They covered the "pending suit," and, by the word "litigation," they must be held to have intended what that word simply and ordinarily means, namely, the act of litigating, or a judicial contest.  Such a meaning cannot be extended in reason, and precludes the idea that other causes of action were composed by the agreement, than what were then the subject of a judicial contest.

Nor am I able to agree in the second ground of Judge EARL's opinion.  The resolution of 1873 was illegally passed and there was no basis for a recovery against the village for the work done.  But the defendant was in default for the non-performance of its agreement under the original ordi-

nance, and it is estopped from now saying, after it has suffered the defendant to go on and do what it had itself undertaken to do, that he cannot recover on the penal clause of their agreement, for want, on his part, of an offer to perform, or a demand that it perform.

All concur with EARL, J., except GRAY, J., dissenting, and PECKHAM, J., not sitting; ANDREWS, J., concurring on first ground.

Judgment reversed.