MELROSE PLUMBING CO. v. FARAGO CONST. CO., Inc.

(Supreme Court, Appellate Term, First Department.    February 10, 1916.)

COMPROMISE AND SETTLEMENT ☞16—EFFECT.

Absent fraud or mistake, acceptance of money by plaintiff in settlement of its action for damages for defendant's refusal to permit it, after part performance of its contract or services, to complete the work, bars subsequent action by it for its services under the contract prior to the first action.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 54–65; Dec. Dig. ☞16.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the Melrose Plumbing Company against the Farago Construction Company, Incorporated. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

Argued January term, 1916, before GUY, BIJUR, and GAVE-GAN, JJ.

Francis X. Mancuso, of New York City, for appellant.

Bernard S. Deutsch, of New York City (Louis Lande, of New York City, of counsel), for respondent.

GUY, J. There were no written pleadings in this action, and the only pleading, as appears by the return, was the defendant's oral answer, "to wit, a general denial, a demand for bill of particulars, and accord and satisfaction." It appears that the plaintiff is a domestic corporation, and that its president, Lundis, has been a licensed plumber for several years, and he testified that at the request of the defendant he put in a sewer and water main for a building under construction by the defendant, that he also sent two sinks, lead pipes, faucets and belts, and curb boxes to the building, and that the value of the materials and work, including the installation of the main, the connecting of the water from the house adjoining, and the two sinks and all the material necessary, was $95.

On cross-examination the same witness testified that plaintiff had brought a prior action against the defendant, and the complaint in such prior action, put in evidence, alleged that plaintiff had agreed with the defendant to furnish certain plumbing materials and perform certain work, labor, and services in and about the premises in question, for which the defendant promised and agreed to pay $2,400, made up, as appears from plaintiff's notice of lien, also put in evidence, of $75 for installation of water main and $2,325 for all plumbing and gas-fitting work; and the complaint further alleged that plaintiff had furnished and supplied certain materials and performed certain work, labor, and services for defendant under the agreement, but that the defendant refused to permit the plaintiff to perform the contract, to plaintiff's damage in the sum of $360. This prior action was "settled and discontinued," on a stipulation signed by the parties; the defendant paying the plaintiff for such settlement the sum of $50.

The alleged contract for the doing of the work was an oral one, and plaintiff's president on cross-examination admitted that the lien was filed to protect all work that had been done or was to be done for the defendant including the water main.

It thus appears that after the performance of the work, to recover for which this suit is brought, plaintiff had sued defendant for damages for breach of contract, which contract included the services and materials for which recovery is sought in this action, and it is clear that, in the absence of fraud or mistake, the acceptance of $50 in settlement of its unliquidated claim concluded the plaintiff and required a direction of a verdict for the defendant.

Judgment reversed, with $30 costs, and complaint dismissed on the merits, with appropriate costs in the court below. All concur.