the Grand street store. The facts were stipulated, however, without objection as to their competency under the pleadings, and the complaint could even now be amended to conform to the proof. It is again objected that the Bulk Sales Act, as it now stands, has once been declared unconstitutional by the Court of Appeals, in Wright v. Hart, 182 N. Y. 330, 75 N. E. 404, 2 L. R. A. (N. S.) 338, 3 Ann. Cas. 263. Since the decision of that case, however, the United States Supreme Court has held to the contrary in Kidd v. Musselman Grocery Co., 217 U. S. 461, 30 Sup. Ct. 606, 54 L. Ed. 839. But it is not necessary to decide by which authority we should be here controlled, because, as we view this action, the plaintiff has not proven itself to be a creditor within the meaning of the Bulk Sales Act. The transfer was made early in December. At that time Litke was owing for the December rent. If this judgment had been upon that liability, the plaintiff would clearly come within the provisions of the act. That liability, however, was satisfied by the application of the deposit money, which Litke had made upon entering upon the lease, and the present recovery upon which this action is based is for damages for failing to rent the store in the month of January. At the time of this transfer that was only a contingent liability under the lease, and it was not such a liability as is protected by the Bulk Sales Act. See Matter of Hevenor, 144 N. Y. 271, 39 N. E. 393. In the Matter of Hevenor it was held that:

"A provision in an assignment for the benefit of creditors, directing the application of the assets to the payment by the assignee of all the debts and liabilities now due or to grow due, applies only to such debts and liabilities as can be ascertained or fixed when the assignment was made. It does not include a contingent liability, the amount of which, if it ever arises, can only thereafter be definitely fixed and ascertained."

The Bulk Sales Act being in derogation of common law must be strictly construed. The transfers therein specified are made void as against the creditors of the seller, unless such creditors' names are included in the inventory and a notice be given to such creditors of such sale. The provisions of the statute, therefore, could hardly be applicable to parties who were not creditors at the time of the transfer, and who only might become creditors upon the happening of some contingency. It will be noticed that the Bulk Sales Act, as it now stands, declares a transfer made in violation thereof absolutely void, irrespective of any fraudulent intent on the part of the transferor.

The judgment and orders, therefore, should be reversed, with costs, and the complaint dismissed, with costs. All concur.

---

(95 Misc. Rep. 608)

CRAUSMAN v. GEORGE G. GRAHAM CONST. CO.

(Supreme Court, Appellate Term, First Department. June 21, 1916.)

1. LANDLORD AND TENANT ⬤⇒313—TERMINATION OF RELATION—SUMMARY PROCEEDINGS—EFFECT.

In the absence of express agreement to the contrary, the landlord cannot recover for damages accruing by reduced rentals received after termination of the lease by summary proceedings, under Code Civ. Proc. §

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2253, providing that such proceedings shall cancel the lease agreement, except as to amounts already due.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1326; Dec. Dig. ☞313.]

2. LANDLORD AND TENANT ☞313—BREACH OF LEASE—DAMAGES.

Lessee's default in payment of rent, on which lessor caused eviction by summary proceedings, cannot be regarded as cause of alleged subsequent decrease in rental value, and is not an element of damages allowable to the lessor.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1326; Dec. Dig. ☞313.]

3. LANDLORD AND TENANT ☞184(2)—BREACH OF LEASE—DAMAGES.

Under a lease reciting deposit of money as security for performance of its terms and covenants, to be allowed on all damages from breach thereof, the lessor may resort to the security only to the extent of damages arising during tenancy by reason of breach of covenants expressly covered by the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 745–748; Dec. Dig. ☞184(2).]

4. LANDLORD AND TENANT ☞313—BREACH OF LEASE—DAMAGES.

The landlord cannot, after summary proceedings to evict the tenant on breach of the lease, recover moneys expended for repairs which the tenant should have made under the lease, where it does not appear that they were made necessary by any neglect of duty by the tenant during the tenancy.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1326; Dec. Dig. ☞313.]

5. LANDLORD AND TENANT ☞184(2)—TERMINATION—SUMMARY PROCEEDINGS —DAMAGES—EVIDENCE—ADMISSIBILITY.

Since the landlord cannot recover from security deposited with him the amount of counsel fees and like items incurred in summary proceedings to evict the tenant, where the lease proviso as to such security did not expressly so provide, evidence as to such items is inadmissible in an action to recover the deposit.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 745–748; Dec. Dig. ☞184(2).]

Appeal from City Court of New York, Trial Term.

Action by Samuel Crausman against the George G. Graham Construction Company. From a judgment for defendant, and order denying new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Goldfein & Weltfisch, of New York City (Joseph Goldfein, of New York City, of counsel), for appellant.

Konta & Kirchwey, of New York City (Karl W. Kirchwey, of New York City, of counsel), for respondent.

PHILBIN, J. The plaintiff sued to recover part of a sum of money deposited with the defendant as security upon the execution of a lease by the latter to the plaintiff's assignor. The lease was made for a term of 4 years and 11 months, beginning on June 1, 1915, at a rental of $14,000 per year, payable in semimonthly installments of $583.33 each. It was terminated by summary proceedings on November 1, 1915, when the defendant re-entered and resumed possession. The plaintiff claimed that, having fully complied with the terms of the

lease, except as to the payment of the rent due at the time of the summary proceedings, which was agreed upon as being $583.33, he was entitled to the return of the balance of the deposit, amounting to $1,750 and interest. The defendant set up as a separate defense, and in diminution and extinguishment of the plaintiff's claim, that it suffered damages because of depreciation in rental value and the expenditure of certain sums of money made necessary for expenses in the summary proceedings and repairs to the premises.

The damages, thus referred to, other than said disbursements, are more definitely stated by the defendant to be the difference between the rent payable under the lease and the rents collected by the defendant from tenants of the premises from the termination of the lease to the date of the bill of particulars; also the difference between the rental reserved under the lease and the reasonable rental value of said premises for which the defendant could rent the same before the expiration of the term fixed in the lease. The clause in relation to the security so given declared that the lessee had deposited with the defendant the sum of $2,333.33—

"as security for the faithful performance of all the terms, covenants, and conditions of this lease, it being expressly understood and agreed that, if the tenant fails to perform any of the covenants and conditions thereof, then and in that event the said deposit of $2,333.33 shall be allowed on all damages sustained by the landlord by reason of such breach. If, however, all terms, covenants, and conditions of this lease are fully complied with, then in that event the said cash security shall be applied as the payment of the last two month's rent of the term of this lease. * * * *"

There is nothing in the lease upon which there can be predicated a claim for damages arising after its termination by summary proceedings. The court below, over the objection and exception of plaintiff's counsel, received testimony relating to the collection of rents after November 1, 1915, when the warrant was executed, and to the rental value of the premises as of that day.

[1] It is well settled that, in the absence of an express agreement to the contrary, there can be no recovery for damages that accrue after the termination of the lease by summary proceedings. Code of Civil Procedure, § 2253; Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358; Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425.

[2, 3] The respondent does not make a claim for damages accruing after summary proceedings, but insists that such evidence was admissible to show the damage suffered before the termination of the lease and upon the lessee's breach; that the evidence of net rental for the subsequent period was introduced to show the diminished rental value, as was also the testimony of the real estate expert. It is further asserted that, at the moment the warrant in summary proceedings was issued, the defendant was damaged to the extent of the difference between the rent reserved and the actual rental proved upon the trial. Apart from the fact that the defendant instituted the proceedings by which the lease was ended, the default of the lessee cannot be regarded as being the cause of the alleged decrease in rental value. The lessor is only entitled to have recourse to the security to the extent of any damages arising during the tenancy by reason of a breach of

the covenants expressly covered by the security under the terms of the lease. Scott v. Montells, 109 N. Y. 1, 15 N. E. 729. There is nothing in the lease that would make the present circumstances an exception to the rule so laid down.

[4] In Slater v. Von Chorus, 120 App. Div. 16, 104 N. Y. Supp. 996, cited by the defendant, the landlord was held entitled to recover for loss in rentals for certain months after the ending of the lease by summary proceedings because there was a stipulation in the lease justifying the court in holding that the lessee assumed liability for such damages. The recovery was not claimed on the theory of depreciation in rental value. That is not the fact here. The verdict of the jury in the case at bar was clearly based upon damages suffered after the summary proceedings. The court charged that the defendant was entitled, under a verdict in its favor, to the difference between the amount of the rent reserved in the lease and the actual rent obtained by the defendant after the dispossess proceedings, or the amount which the defendant could have obtained by reasonable effort to rent the premises. Similar instructions were repeated throughout the charge, to all of which the plaintiff's counsel duly excepted. The further claim made by the defendant for reimbursements, because of moneys expended for repairs that plaintiff was obligated to make under the lease, was not sustained by the proof, because it did not appear that the repairs were made necessary by any neglect of duty occurring during the tenancy.

[5] There was also error committed in allowing evidence as to expenses incurred for counsel fees and like items upon the summary proceedings. The jury was authorized by the charge to allow for these disbursements. There can be no question that, upon the instructions so given, the verdict was based upon an unauthorized measure of damages.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.