Cuyler Realty Co., Respondent, *v.* The Teneo Co., Inc.,
Appellant.

First Department, April 29, 1921.

Landlord and tenant — lease prohibiting subletting — clause pro-
viding for counsel fees incurred in enforcing covenant — expenses
and disbursements contemplated by lease — rule as to recovery
of counsel fees where statutes and contracts impose liability for
damages — settlement of injunction suit gives no right to counsel
fees where reservation of claim for such fees is not made — judg-
ment roll in settled injunction suit has no force as an adjudica-
tion — appeal to Appellate Division may not be taken as matter
of right from judgment entered by City Court on determination
of Appellate Term — discretion of court.

Where a tenant sublet part of the demised premises in alleged violation of
covenants of the lease, the landlord cannot maintain an action to recover
counsel fees expended in a suit for an injunction to restrain such alleged
violation of the covenants, although the lease contains, among other things,
a clause to the effect that the landlord shall add to the next installment
of rent money paid because of breaches of covenants on the part of the
lessee, since such clause contemplates only actual payments made by the
landlord with respect to one or more of the things particularly specified,
or definite fixed disbursements.

The rule is well settled that with respect to statutes, imposing liability for
damages, and contracts, other than those of indemnity, providing for
the payment of damages, counsel fees are not recoverable.

The settlement of an injunction suit by the lessor against the lessee, which
suit demanded damages " for the said wrongful acts of said defendant
herein, including such expenses as have been caused and shall be caused
by the said acts of said defendant and likewise by their compelling the
bringing of this action," without a reservation of a claim for counsel
fees, precludes the lessor from asserting the right to recover the same,
it appearing that the lessee permitted the issuance of a temporary and
permanent injunction as part of the settlement on the understanding that
no costs were to be recovered.

In such case the judgment roll in the suit for the injunction did not have
the force of an adjudication that the defendant had violated any pro-
vision of the lease, and would in no event sustain a recovery by the
lessor for counsel fees, even if otherwise allowable.

An appeal may not be taken as matter of right to the Appellate Division
from the judgment entered by the City Court on the determination of the
Appellate Term; but the Appellate Division has discretion to entertain
such appeal to end litigation.

APPEAL by the defendant, The Teneo Co., Inc., from a determination and order of the Appellate Term of the Supreme Court, First Judicial Department, entered in the office of the clerk of the county of New York on the 29th day of November, 1920, reversing a judgment of the City Court of the City of New York in favor of the defendant dismissing the complaint herein, and granting judgment for the plaintiff pursuant to a stipulation with respect to the amount of the damages; also appeal, without leave, from a judgment of the said City Court, entered pursuant to said determination of the Appellate Term.

*Joseph Sapinsky* of counsel [*Joseph & Alvin T. Sapinsky,* attorneys], for the appellant.

*Joseph Dannenberg* of counsel [*John T. McGovern,* attorney], for the respondent.

LAUGHLIN, J.:

The action was brought for the recovery of counsel fees paid by the plaintiff in an action brought by it as landlord against the defendant, its tenant, for an injunction to restrain violations of the provisions of the lease with respect to subletting without the written consent of the landlord and with respect to the use to be made of the premises. The complaint in that action alleged that the plaintiff leased to the defendant rooms 1106–1110 in the building known as Cuyler Building, Nos. 119–123 West Thirty-first street and 116–120 West Thirty-second street in the borough of Manhattan, New York, and that without the written consent of the landlord, which was required, the tenant sublet to the H. B. Levine & Co., Inc., which was also joined as a defendant in the action, and that the subtenant was manufacturing textiles into dresses on the premises in violation of the lease which limited the use of the premises to the purposes of an " office, stock, and shipping room." The injunction action was settled without trial by a stipulation in writing made between the attorneys for the respective parties to the effect that a temporary injunction might issue, without the plaintiff's giving an undertaking, restraining the tenant from permitting the subtenant to occupy and the subtenant from using the

premises for any form of manufacturing but permitting the subtenant to use them as a stock room and office only and providing that a final decree might be entered to that effect without costs to either party as against the other. The plaintiff asserts the right to recover counsel fees under the 8th paragraph of the lease which provides as follows:

" *Eighth.* In case the Landlord by reason of the failure of the Tenant to perform any one or more of the covenants, agreements or conditions herein contained, shall be compelled to pay or shall pay any sum of money, or shall be compelled to do or shall do any act which requires the payment of money, then the sum or sums so paid or required to be paid, together with all interest, costs and damages, shall be added to the instalment of rent next becoming due, or to any subsequent instalment of rent, and shall be collectible as additional rent, in the same manner and with the same remedies, as if it had been originally reserved."

The lease consists of seventeen paragraphs. The tenant agreed, among other things, that it would make good any injury or breakage done by the tenant to the premises and fixtures and would make no alteration upon the premises without the written consent of the landlord and at the expiration of the term would surrender them in as good condition as at the time of the making of the lease, reasonable use and damages by the elements not due to carelessness, negligence or improper conduct on the part of the tenant, its agents, servants or licensees, excepted; that it would not assign or incumber the lease, or sublet or use or permit the premises to be used for any purpose other than those specified; that the landlord should be at liberty to enter the premises at all times for the purpose of inspecting the same or to make repairs or alterations and to affix a sign " to let " or " for sale " and in the event that the landlord exercised its right of re-entry as therein provided, the tenant agreed to pay the difference between the rent received by the landlord and that reserved in the lease; that a violation or attempted violation of any covenant or condition of the lease might be restrained by injunction; that the tenant would not obstruct or damage in any manner or by any means the efficiency of the sprinkler system or appurtenances or place any shelving, partition or

other obstruction within two feet of the bottom of the ceiling and would comply with all the orders, regulations or requirements made or enacted by the municipal, State or Federal authorities or the New York board of fire underwriters or by a similar board with respect to the use of the premises; that the tenant would faithfully observe the rules and regulations made by the landlord for the safety, care and cleanliness of the demised premises and of the building and for the preservation of good order therein and conduct its business so as not to interfere with the other tenants in the building.

It will be observed that there is no express agreement by the tenant to pay counsel fees, and that its agreement was that in case the landlord should be compelled to pay or should pay any sum of money, or should be compelled to do or should do any act requiring the payment of money owing to its failure to perform any one or more of the covenants, agreements or conditions of the lease, then the sum so paid or required to be paid, together with interest, costs and damages *should be added to the installment of rent* next following, or to a subsequent installment of rent and should be collectible as additional rent in the same manner and with the same remedies as if it had been reserved as rent. It would be, I think, unreasonable to construe these provisions as applicable to the payment of counsel fees incident to an action by the landlord to compel the observance by the tenant of its obligations under the lease. They should be deemed applicable only to actual payments made by the landlord with respect to one or more of the things particularly specified in the lease. Manifestly, the lease contemplated definite fixed disbursements which might be added to the lease as rent and collected as such; and the provisions were not intended to and are not appropriate to embrace counsel fees for that would be leaving it solely to the will of the landlord to fix the amount and add it to the rent. Moreover, the rule is well settled that with respect to statutes imposing liability for damages and contracts, other than those of indemnity, providing for the payment of damages, counsel fees are not recoverable. (*Clason* v. *Nassau Ferry Co.,* 20 Misc. Rep. 315; affd., 27 App. Div. 621; *Rosenberg* v. *Frankel,* 123 id. 700; *Crausman* v. *Graham Const. Co.,* 95 Misc. Rep. 608.

See, also, *Mattlage* v. *N. Y. Elevated R. Co.*, 17 N. Y. Supp. 536; *Hochman* v. *Bollt*, 152 id. 1031.) In some jurisdictions a contract for the payment of counsel fees appears to be deemed contrary to public policy. (*Raleigh County Bank* v. *Poteet*, 82 S. E. Rep. [W. Va.] 332; *Thomasson* v. *Townsend*, 10 Bush, 114; *Dow* v. *Updike*, 11 Neb. 95; *State of Ohio* v. *Taylor*, 10 Ohio, 378.) It is unnecessary to go that far or to express an opinion on that point here for the contract in question does not expressly provide for counsel fees and, at most, it is doubtful whether it was intended to include them and, therefore, the contract should not be construed as embracing them. (*Godchaux* v. *Hyde*, 126 La. 187.) Counsel for the respondent relies on decisions construing bonds or undertakings for provisional remedies in legal proceedings as authorizing the recovery of counsel fees (See *Epstein* v. *U. S. Fidelity & Guaranty Co.*, 29 Misc. Rep. 295; *Cook* v. *National Surety Co.*, 169 App. Div. 656; *Tyng* v. *American Surety Co.*, 48 id. 240; 69 id. 137), but in such cases it is contemplated that the employment of counsel will be necessary.

I am also of opinion that the plaintiff is precluded by the settlement in the injunction action from asserting this claim. In that action it demanded that it be awarded money damages " for the said wrongful acts of the said defendants herein, including such expenses as have been caused and shall be caused by the said acts of said defendants and likewise by their compelling the commencement of this action." It does not appear that there was any express reservation of the claim from that settlement. The settlement, therefore, should be deemed to embrace all claims asserted by the plaintiff therein. (*Parr* v. *Village of Greenbush*, 112 N. Y. 246; *Melrose Plumbing Co.* v. *Farago Const. Co.*, 157 N. Y. Supp. 145; *Shepherd* v. *Moodhe*, 150 N. Y. 183; *Diocese of Trenton* v. *Toman*, 70 Atl. Rep. 881.) The respondent contends on the authority of *Rosenberg* v. *Frankel* (*supra*) that it could not have recovered the counsel fee in that action. I fail to see the force of that contention. Of course, it could not have recovered counsel fees *as costs* in that action, but if it were entitled under the lease to recover counsel fees, it could have recovered them as damages, provided, at least, it employed and paid its counsel preparatory to the bringing of the action and there was no objection to the misjoinder of causes

of action. In any event, it is a reasonable inference that the tenant was induced to consent to the issuance of the temporary and permanent injunction on the condition that no costs were to be recovered. If plaintiff had insisted upon the recovery of costs and counsel fees or both in that action, the defendant might not have consented to the settlement thereof and might have defended on the merits. Moreover, in no event could the determination of the Appellate Term be sustained for there is no proof that the tenant was guilty of any violation of the lease. The plaintiff relies on the judgment roll in the other action; but it cannot be heard to claim that the judgment therein was an adjudication on the merits for there was no adjudication that the defendant had violated any of the provisions of the lease but merely that on its own consent it was enjoined as to the future. For aught that appears, defendant may not have violated any provision of the lease but may have preferred to consent to the temporary and permanent injunctions rather than to defend the action.

Defendant was not entitled as matter of right to appeal directly to this court from the judgment entered by the City Court on the determination of the Appellate Term. (Code Civ. Proc. §§ 1344, 3191; *Handy* v. *Butler,* 183 App. Div. 359.) We are, however, authorized to entertain the appeal in our discretion, and, in the circumstances, we will entertain it in order to terminate the litigation.

It follows that the determination of the Appellate Term should be reversed, with costs, and the judgment of the City Court entered thereon should be reversed, with costs, and the original judgment of the City Court dismissing the complaint affirmed, with costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Determination and judgment appealed from reversed and judgment of the City Court, entered February 27, 1920, affirmed, with costs to appellant in this court and in the Appellate Term.