R. A.. KINGSBURY et al., Appellants, v. L. S. JOSEPH, Administrator, Respondent.

St. Louis Court of Appeals, April 29, 1902.

1. **Attorney:** ATTORNEY FOR AN ESTATE: POWER OF ATTORNEY FOR AN ESTATE TO EMPLOY OTHER ATTORNEYS. An attorney for an estate can not engage another as associate without consent of the legal representative, but the first attorney may recover the reasonable value of all services performed by himself or assistant under his own employment.

2. ———: SERVICES OF AN ATTORNEY, VALUE OF. Where services are rendered by an attorney, the measure of recovery therefor is the reasonable value thereof, in the absence of a contract; what such services were worth "to the estate" is not the criterion of value.

3. ———: CLAIM FOR LEGAL SERVICES, AN ACTION AT LAW. An action against the estate of a decedent to assert a claim for legal services is substantially an action at law.

4. **Practice, Appellate.** In ordinary circumstances there is nothing to review upon an appeal in an action at law where no instructions

are asked or given and no findings of fact are made; but where defendant's testimony admits all the material facts of plaintiff's cause of action and contradicts none of them, a verdict for defendant is erroneous.

5. **Experts, Testimony of:** OPINION OF EXPERT. Triers of facts are not bound by the testimony of experts as to their opinions of value.

6. **Practice, Trial:** QUESTION OF LAW: AGREED CASE. Where both parties by their testimony at the trial show without contradiction a state of facts which entitles plaintiff to recover, the verdict becomes a question of law, and there is no difference in principle between such a case and an agreed case.

7. **Oral Testimony:** BURDEN OF PROOF. Where the oral testimony of one on whom the burden of proof rests is uncontradicted its credibility is nevertheless a question for the triers of fact.

8. **Assignment of Claim:** DEBTOR: CREDITOR. A creditor without the consent of the debtor may assign to another an interest in a claim arising out of contract.

9. **Administrator, Power to Bind an Estate.** An administrator has power to bind an estate in his charge by evidence he offers at a trial as well as by his pleadings in a cause.

Appeal from Cape Girardeau Court of Common Pleas.—*Hon. John A. Snider*, Judge.

REVERSED AND REMANDED.

*C. H. Krum* and *R. A. Kingsbury* for appellants.

(1) To say, that the appellants were not entitled to anything from the estate, seems absurd. The courts of this State recognize the propriety of an allowance against the estate, even where an executor might pay without allowance and receive credit for the expenditure on his settlement. So that the theory of a claim against the estate was the proper one for the appellants to have pursued. State ex rel. v. Walsh, 67 Mo. App. 348; State ex rel. v. Tittman, 103 Mo. 563. (2) The suit in the name of the assignee, brought in the circuit court of the United States, was brought for the proper party.

Under the rule of procedure there, the assignee could recover the whole amount called for by the policy and not be limited to merely the extent of his own debt.   2 Dillon Circ. Ct., 160.

*B. F. Davis* and *Sam M. Green* for respondent.

(1)   The administrator of the estate of Louis Kells was not joined, and the action should have been prosecuted in the name of the real party in interest—Campbell and the administrator.   R. S. 1899, sec. 540.   (2)   Campbell could not lawfully sue alone, because he was confessedly the assignee of a portion only of the entire cause of action.   Phillips v. Laclede County, 76 Mo. 68; Burnett v. Crandall, 63 Mo. 410; Cobb v. Railway, 21 Mo. 133.   (3)   This being an action at law, and the court having tried the same without a jury, and no instructions having been asked or given, and the evidence being conflicting, the appellate court will not reverse the lower court's findings on the facts.   Gentry v. Templeton, 47 Mo.App. 55; Wengell v. Eath, 48 Mo. App. 476; Heidelbach & Co. v. Cole & Fox, 54 Mo. App. 138; Pitkin v. Mott, 56 Mo. App. 401; McCarty v. Ins. Co., 45 Mo. App. 373; Theis v. Gerbe, 88 Mo. 146; Taylor v. Cayce, 97 Mo. 242.   (4)   W. Murray Campbell, as the holder of the $5,000 policy as collateral security for a debt of $650, could not alone sue for and recover the full amount of said policy, but only the amount of his interest therein; and when his attorneys, these appellants, brought suit in his name alone and failed to join this respondent in said suit, they did so as attorneys for Campbell alone, and not for the Kells estate, and should collect their fee from him.   Berthold v. Ins. Co., 2 Mo. App. 311; Summers v. Ins. Co., 53 Mo. App. 512; Summers v. Ins. Co., 56 Mo. App. 653; Ins. Co. v. Rosenheim, 56 Mo. App. 27.

BARCLAY, J.—The plaintiffs took this appeal from a judgment for defendant upon a claim for an allowance of

$320 against the estate of Louis Kells, deceased, which estate is now in charge of the defendant, Mr. Joseph, as administrator with the will annexed.

The claim of the plaintiffs is for professional services as attorneys in prosecuting an action against a life insurance company on a policy for $5,000, issued to said Kells, which policy he had pledged to one Campbell as security for a loan of about $600 and interest. After the death of Kells, the company at first refused payment of the policy. The executor of the estate declined to pay the loan and take up the policy, but told Mr. Kingsbury, one of plaintiffs, to bring suit on the policy if necessary to collect it. The executor knew that Mr. Kingsbury had already been engaged by the pledgee, Mr. Campbell, to collect of the insurance company the claim of the latter on the policy.

No question of the validity of Mr. Campbell's claim against the estate was raised at any time. The company's refusal of payment was based on the grounds that the policy was issued to Kells in Illinois, while he was a citizen of that State, and that his death by suicide precluded the collection of the policy by reason of its stipulations.

The plaintiff, Mr. Kingsbury, brought suit in the name of Mr. Campbell in the United States Circuit Court at St. Louis, Missouri, to collect the full amount of the policy. He associated his co-plaintiff with him as counsel. Together they rendered considerable services in the suit which was ended by a compromise for the sum of $1,750, under authority from the court in which the administration of the estate was pending.

During these events the original executor, Mr. Craddock, became a non-resident and Mr. Joseph, the present administrator of the unadministered assets (with the will annexed), was substituted in his place.

In January, 1900 (while Mr. Craddock was in charge of the estate), an order was made authorizing him as executor

"or his attorney, R. A. Kingsbury," to compromise for $2,500 the said insurance claim. This was sometime after the suit had been brought on the policy; but that compromise fell through.

In June, 1900, another order was entered (after Mr. Joseph had charge as administrator) reciting the fact of the pending suit, and authorizing the administrator to compromise the claim of the estate on the said policy of insurance for $1,750 and costs of the suit. The same order authorized payment of the Campbell lien on the proceeds for $656.50.

The compromise was carried out on the basis thus approved by said order. The proceeds of the compromise were collected by the administrator, after payment of the Campbell debt, and the suit was closed.

At the trial of the claim of plaintiffs the foregoing facts appeared.

Mr. Kingsbury further testified, without objection, that the original executor had directed him and his associate, Judge Krum, "to go ahead and bring suit and the estate would pay" them "a reasonable fee." The items of service in bringing the suit and preparing for trial were fully given. Several attorneys of long experience testified that the services rendered by plaintiffs were reasonably worth $250.

The foregoing facts were admitted in evidence without objection.

On the part of defendant it appeared that the executor had another attorney who "consulted with plaintiffs and advised with them about this suit." He testified that the reasonable value of the services of plaintiffs was $250; but he added that he did not think their services worth that to the estate in addition to his own services in collecting the money, for which he received $200, according to his testimony, the latter item of which was received over objection by plaintiffs. He had no recollection of "any agreement to pay any sum for" the services of Mr. Kingsbury, but he conceded that it was

"understood, however, that suit should be brought," and that Mr. Kingsbury and himself were to do so, but witness was not joined by plaintiffs as attorney when the suit was filed.

Defendant put in evidence the order of court of January, 1900, which authorized settlement of the insurance suit by Mr. Craddock as executor, and recited that R. A. Kingsbury was "his representative." The order is quite elaborate. In substance it ascertains the Campbell debt to be $656.50 and declares it a first lien on the proceeds of the policy, and states the ground on which the compromise was considered advisable by the court, namely, the existence of the facts already given, bearing on the defense of suicide under the law of Illinois (which the insurance company claimed to be applicable).

It is not needful to set forth the defendant's testimony at length. It will suffice to say that it admitted the employment of Mr. Kingsbury on behalf of the estate; that he had rendered valuable services for the estate, and had not been paid anything therefor. Nor was any evidence whatever offered by defendant to contradict those material facts. The entire showing on defendant's part amounted to an admission of liability.

At the close of the hearing the learned trial judge found for defendant and judgment was rendered accordingly.

Plaintiffs in due season moved for a new trial without success, and then took this appeal, after preserving their exceptions in the customary way.

1. No question has been raised regarding the validity of any of the orders of the Cape Girardeau Court of Common Pleas in the matter of the administration of the estate of Mr. Kells, deceased. Nor has any constitutional question been started at any time in the cause as to any of the proceedings in the trial court. So we do not touch upon those topics.

2. Defendant contends that as the action is at law, no instructions were asked or given, and no findings of fact made,

no ground is left on which to reverse the judgment. That would be a better contention if the case of the plaintiffs rested on their evidence alone, for the general rule invoked is as stated, in ordinary circumstances. Thies v. Garbe, 88 Mo. 146; Clark v. Railway, 127 Mo. 255; Pitkin v. Mott, 56 Mo. App. (St. L.) 401.

An action to assert a claim such as this against an estate is substantially an action at law. Defendant appeared to the action. His own testimony demonstrates that plaintiff, Mr. Kingsbury, is entitled to recover a reasonable compensation for the services performed by him and his associate on behalf of the defendant estate in the matter of the suit on the policy.

An administrator (subject to his responsibility to the estate) has power to bind it by evidence which he offers on its behalf at a trial such as is here in view, no less than by his pleadings in an action against the estate in his charge.

The case of plaintiffs does not rest on their evidence alone. We concede the force of the rule of procedure which ordains that where the oral testimony of one on whom the burden of proof rests is undisputed, its credibility is yet a question for the triers of fact. Bryan v. Wear, 4 Mo. 106; Gannon v. Gas. Co., 145 Mo. 502; Seehorn v. Bank, 148 Mo. 265; Clark v. Shrimski, 77 Mo. App. (St. L.) 166; Kenney v. Railway, 79 Mo. App. (St. L.) 204.

But that rule has no just application where defendant's testimony admits all the essential facts of the plaintiff's case, and contradicts none of them. In that event a finding for defendant is as erroneous as would be a finding contrary to the admissions in pleadings. Bruen v. Fair Assn., 40 Mo. App. (K. C.) 425; Walter v. Ford, 74 Mo. 195.

There is no difference in principle between an agreed statement of facts and an agreement as to facts which are established without contradiction by the testimony of both parties. Gambs v. Ins. Co., 50 Mo. 44. In either case the result becomes a question of law where no conflicting infer-

ences arise from the facts agreed or proved by any of the testimony. When the case is an agreed one on the facts, an error in pronouncing the conclusion of the law may be corrected without the aid of instructions to point the moral of the trial court's judgment. Stone v. Corbett, 20 Mo. 350; Payne v. Bank, 43 Mo. App. (St. L.) 377; Knapp, Stout & Co. v. Standley, 45 Mo. App. (K. C.) 264.

The evidence was all one way at the trial, even on the issue of compensation. Defendant's evidence was in accord with that of the experts for plaintiffs. It was not weakened by the suggestion that the services were not worth "to the estate" the amount claimed in addition to the sum paid to other counsel for the estate. The criterion was reasonable value, in the absence of express contract on the part of the estate, under proper sanction. The laborer is worthy of his hire. When he has rendered his service, its value may not be discounted by any want of due appreciation of the recipient thereof.

Granted that the learned judge, as trier of the fact, was not bound by the opinions of the experts who testified on the issue of reasonable value! He was at liberty to apply his own judgment to prune the evidence on that point if it seemed to him just to do so. Cosgrove v. Leonard, 134 Mo. 419; Hull v. St. Louis, 138 Mo. 618; Gibbons v. Railway, 40 Mo. App. (K. C.) 146; Head v. Hargrave, 105 U. S. 45; The Conqueror, 166 U. S. 110.

The consideration last suggested is all that prevents the case from being an agreed one on which the law would pronounce at once its own judgment. As the record stands, there is nothing to try except the question of reasonable compensation to be awarded to plaintiffs.

The record affirmatively shows that on the uncontradicted facts, proven by both parties to the cause, plaintiffs are entitled to recover.

Vol 94 app—20

3.    The right of recovery as shown by the defendant's proof is vested in one of the plaintiffs, Mr. Kingsbury. It was competent, however, for him, if he saw fit, to assign to his co-plaintiff a share of his claim for compensation.    Although Mr. Kingsbury might not induct a new counsel into employment by the estate without the assent of its legal representative, yet it was not unlawful for him to engage assistance, at his own expense, while the services were in progress.    That he might do without prejudice to his right to recover the reasonable value of services rendered under his own employment on behalf of the estate.

There was testimony by Mr. Kingsbury (heretofore quoted) for plaintiffs which tended to prove that the executor assented to the engagement by him of his co-plaintiff as associate counsel.    On the side of defendant there is evidence that other counsel for the estate consulted with plaintiffs about the insurance suit.    But that evidence is not clear enough to exclude all inference that the consultations were based on the employment of Mr. Kingsbury alone on behalf of the estate. We can not say that that evidence fully admits the assent of the estate to the employment of his associate counsel, otherwise than to assist Mr. Kingsbury.    So it would not be proper to treat as established, the fact asserted in the testimony of Mr. Kingsbury touching the employment of both plaintiffs. The finding for defendant (in the present state of the record) must be taken to negative that fact for the purposes of this review, according to the rule of procedure already stated concerning the right of the trial court to pass on the credibility of the evidence, under the decision in Bryan v. Wear, 4 Mo. 106, and other precedents cited to that point.    As already indicated, however, the finding as to that fact would not defeat the right of plaintiffs to recover.

The judgment is reversed and the cause remanded for a new trial.    *Bland, P. J.,* and *Goode, J.,* concur.