CUYLER REALTY COMPANY, Appellant, *v.* THE TENEO COMPANY, INC., Respondent.

*Landlord and tenant — lease — when provision in lease that tenant shall reimburse landlord for any expense he may be put to by failure of tenant to perform conditions does not apply to expenses for counsel fees in action to enjoin sublease of premises and use thereof contrary to covenants in lease — when landlord precluded by settlement of action from asserting claim.*

Cuyler Realty Co. v. Teneo Co., Inc., 196 App. Div. 440, affirmed.

(Argued May 1, 1922; decided May 31, 1922.)

APPEAL, by permission, from a judgment, entered May 16, 1921, upon an order of the Appellate Division of the Supreme Court in the first judicial department which reversed a determination of the Appellate Term reversing a judgment of the City Court of the city of New York in favor of defendant entered upon a dismissal of the complaint and affirmed said City Court judgment. The plaintiff, landlord, commenced an action against the defendant, tenant, and against its subtenant, H. B. Levine & Company, Inc., the complaint alleging that the subletting was without the plaintiff's consent, and that the subtenant was using the premises for manufacturing purposes, prohibited under the lease. Judgment was thereafter entered, by stipulation, enjoining the use of the

premises for manufacturing but permitting the use of a portion thereof by the subtenant for other purposes, without costs to either party. This action was to recover an amount alleged to have been expended for counsel fees and other expenses under a paragraph of the lease which reads as follows: " *Eighth.* In case the Landlord by reason of the failure of the Tenant to perform any one or more of the covenants, agreements or conditions herein contained, shall be compelled to pay or shall pay any sum of money, or shall be compelled to do or shall do any act which requires the payment of money, then the sum or sums so paid or required to be paid, together with all interests, costs and damages, shall be added to the installment of rent next becoming due, or to any subsequent installment of rent, and shall be collectible as additional rent, in the same manner and with the same remedies, as if it had been originally reserved." The Appellate Division held that the provision did not apply to payment of counsel fees but should be deemed applicable only to actual payments made by the landlord with respect to one or more of the things particularly specified in the lease; that in any event plaintiff is precluded by the settlement in the prior action from asserting this claim.

*Joseph Dannenberg* and *John T. McGovern* for appellant.
*Joseph Sapinsky* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.