**In re IDEAL LAUNDRY, Inc.**

**No. 25575–L.**

District Court, N. D. California, S. D.
May 10, 1935.

Hettman & Scampini, of San Francisco, Cal., for Ideal Laundry Co., Inc.

Jacobs, Blanckenburg & May and G. J. Irwin, all of San Francisco, Cal., for Troy Laundry Machinery Corporation.

LINDLEY, District Judge.

The Troy Laundry Machinery Corporation filed herein its intervening petition for the reclamation of property sold on a conditional contract of sale. The trustee has answered, denying that petitioner is entitled to the relief prayed. The property in question constitutes an essential part of the debtor's estate. Indeed, without this equipment, the debtor is helpless.

The rights of the creditors, of the debtor and of the trustee, in proceedings under section 77B of the National Bankruptcy Act (11 USCA § 207), are the same as if a voluntary petition for adjudication had been filed and an adjudication entered. See National Bankruptcy Act, § 77B, subd. (o), 11 USCA § 207 (o).

Whether property sold under a conditional sale contract will or will not pass to the trustee in bankruptcy is dependent upon the effect of such conditional sale, as to the bankrupt's creditors, under the law of the state where the contract was made. See Collier on Bankruptcy (Thirteenth Edition) vol. 2, p. 1701, and cases there cited. Under the law of California, conditional contracts of sale are valid. They are recognized to the fullest extent, and the Supreme Court has announced that "even bona fide purchasers from the person to whom personal property is delivered under an executory contract of sale get no valid claim to the property." See Van Allen v. Francis, 123 Cal. 474, at page 477, 56 P. 339, 340.

It follows, therefore, that the property in question is that of petitioner; it remains the owner, and as such it cannot without its consent be deprived of its property. It is not a creditor; but it is, under the law of California, the absolute owner of the property under an express reservation of title. Consequently, the provisions of the Bankruptcy Act applicable to creditors are not pertinent, but the rights of petitioner are to be determined by the principles of law governing the rights of owners of property. The court cannot, therefore, deal with petitioner's property in such manner as to deprive it of the same, and there must be an order granting the petition and permitting petitioner to reclaim its property.

However, a plan for reorganization has been filed. It is to be hoped that the interests of petitioner, as well as those of the creditors, and those of the debtor itself can best be preserved by keeping the property intact. The court has a discretion in the premises, which it believes it should exercise, to the extent of postponing for a reasonable time the surrender of the property, in order that it may determine definitely whether some reorganization can be worked out with fairness and justice towards all parties and in the interests of all parties. Consequently, the order to surrender the property shall provide that it shall not be effective until 60 days from this date; at the end of that period, if no satisfactory adjustment shall have been made, petitioner shall have the right to remove all of said property.

Proper form of order may be submitted in accordance with this memorandum.