## ADAIR LUMBER CO. et al. v. ATCHISON, T. & S. F. RY. CO. et al.

### No. 9603.

District Court, W. D. Missouri, W. D.

April 5, 1937.

McCune, Caldwell & Downing, Bernard L. Glover, and Ernest P. C. Moss, all of Kansas City, Mo., for plaintiffs.

Cyrus Crane (of Lathrop, Crane, Reynolds, Sawyer & Mersereau), of Kansas City, Mo., and Elmer L. Brock, of Denver, Colo., for defendants.

REEVES, District Judge.

This is a summary proceeding to adjust a controversy between counsel.

Ernest P. C. Moss, Esq., has filed his motion or petition in the main case for compensation as an attorney to be paid out of a fund deposited in court. This motion or petition has been answered by the defendants. One of said answers is in the nature of an interpleader and a prayer for a declaratory judgment and the taxation of costs. Other counsel in the case have answered, and, in effect, joined in a request for a determination in this court of the questions in controversy.

Since counsel are all residents of Kansas City, the jurisdictional question becomes important.

Briefly stated, the main suit involves a court proceeding to enforce certain orders of the Interstate Commerce Commission. The Interstate Commerce Commission found upon a hearing that the plaintiffs in the main case were entitled to an award of damages because of certain overcharges in the transportation or hauling of specified shipments of merchandise and other property.

Section 16, Title 49, U.S.C. (49 U.S.C.A. § 16), relating to the subject of transportation, particularly outlines a procedure for the collection of such awards, if the carriers fail to comply with the orders of the Interstate Commerce Commission. Such a situation was created, and the shippers brought their joint and combined suit as authorized by statute. It was provided, furthermore, by the statute for the enforcement of the award that, "if the petitioner[s] shall finally prevail he [they] shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit."

After the suit to enforce the award had been filed, and after a hearing on preliminary matters, a compromise and an adjustment was had. This involved a payment by the carriers of a part or all of the award. In such compromise it was agreed that $12,500 should be taxed in the court proceeding against the defendants and allowed as a reasonable attorneys' fee to compensate the attorneys representing the shippers.

The interpleader, Bernard L. Glover, Esq., had represented the shippers before the Interstate Commerce Commission. He was aided by others not necessary to name in this memorandum opinion. After the award was made by the Interstate Commerce Commission, and it became necessary to bring suit under the statute to enforce such award, he employed interpleader Blatchford L. Downing, Esq., as chief counsel for the conduct of the suit. Mr. Glover, apparently, had authority to employ associates in the court proceeding. This implication is strengthened by the circumstance that the shippers became entitled to an allowance for counsel if they prevailed in the court proceeding. Under such circumstances the shippers did not have that vital interest such as would be involved if the payment of compensation to attorneys devolved upon them.

In preparing for the court proceeding Mr. Glover employed Mr. Moss and invited him into the litigation. Mr. Moss was an office associate of Mr. Glover, and had been associated with him in other litigation. At the instance of Mr. Glover, the name of Mr. Moss was signed to the petition as one of the attorneys in the case. No suggestion or arrangement was then made regarding his compensation. Apparently all of the attorneys understood that the proceeding, if successful, would also involve the allowance of a reasonable attorneys' fee to be paid by the defendants as the losing parties. It may be assumed that counsel relied upon this allowance and the work done by them was with a view to compensation from such allowance as might be made if the plaintiffs prevailed in the law suit.

It was not the usual litigation. The suit proceeded along narrow lines, and was solely for the enforcement of an award made by an administrative body of the executive department of the government. The evidence was not clear whether Mr. Moss was recognized by the plaintiffs as one of their attorneys, that is to say, whether they had ratified the act of Mr. Glover in employing him. Since his name was appended to the petition, it seems proper to consider him as one of their attorneys. Moreover, the defendants have paid the money into court, and, whereas, technically, it is the property of the plaintiffs, yet the plaintiffs are content to permit this litigation to proceed for its distribution.

■ **1.** The first question for determination is whether Mr. Moss should be treated as one of the attorneys for the plaintiffs and thus entitled to participate in enforcing a lien against the fund now in court. Smith v. Wright, 153 Mo.App. 719, 134 S.W. 683.

It is my opinion from the foregoing facts that he was employed as counsel in the case and is entitled to participate in the distribution of the fund. Kingsbury v. Joseph, 94 Mo.App. 298, 68 S.W. 93.

■ **2.** Jurisdiction appears to attach because the pleadings invoke section 400, Title 28 U.S.C. (28 U.S.C.A. § 400) relating to the subject of declaratory judgments. I deem it proper in this summary proceeding to declare rights and other legal relations of the attorneys who are interested in

the distribution of the fund which is affected by a lien.

3. I find that the movant, Mr. Moss, was regularly and properly employed and is entitled to participate in the fund, and, under the declaratory judgment law, I believe the federal court has jurisdiction in this summary proceeding to adjust the difference between counsel and adjudicate their liens. There can be no controversy, however, but that counsel in the case have and enjoy an attorneys' lien, perforce section 11716, R.S.Mo.1929 (Mo.St.Ann. § 11716, p. 630).

The only remaining question is to determine what proportion of the fund should be allocated as compensation to Mr. Moss. The testimony varied on this question. As heretofore stated, the litigation in the main case was rather procedural than otherwise. The question of the judgment had been largely determined by the Interstate Commerce Commission, and its award had become prima facie evidence in the court proceeding. To say the least, the litigation was somewhat limited. The way leading up to final judgment had been cleared. Mr. Moss had not been associated with Mr. Glover in the preliminary work of obtaining the awards. He would not be entitled, therefore, to participate in the rewards flowing from Mr. Glover's sole efforts. However, he was employed in the court case or proceeding, and the testimony shows that he rendered important and valuable services. He particularly attended to the matters of service of process. This was very technical and involved a great many defendants. It required a lawyer's judgment and opinion as to the sufficiency of the service and returns. Mr. Moss rendered other valuable services to the plaintiffs. He was thus engaged on behalf of plaintiffs for an aggregate time of 307 hours. He participated in conferences with other attorneys, though he did not take part in court arguments.

The compensation of a lawyer cannot be fixed necessarily by the time he was actually engaged. Many other considerations are always involved. For instance, the importance of the case is one consideration. This was an extremely important case, involving many thousands of dollars. It was exceedingly technical because the preliminary work had formed the basis for a recovery by the shippers. The results of the case is a consideration in determining the compensation to attorneys. These of course are supplemented by the skill, experience, and professional standing of the attorney, together with the amount and nature of his professional business. There can be no question upon this record as to the skill and experience nor the professional standing of Mr. Moss in attending to the particular part of the work assigned to him. While his work was important and skilfully performed, yet it did not involve the heavy work such as devolved upon Mr. Downing and Mr. Glover. Mr. Glover contended that the obligation to Mr. Moss was personal as between them, and that his employment was only intended as an aid to him in looking after the details of the litigation. While I agree with Mr. Glover that the employment of Mr. Moss only involved attention to details of the litigation, yet I believe, as heretofore stated, that he should be treated as one of the attorneys in the case with his employment constructively ratified by the plaintiffs.

According to the statement of the parties, Mr. Downing, the chief counsel in the court proceeding, became entitled to the greater part of the fee paid by the defendants. Mr. Glover was required to bear the whole responsibility of the litigation as he was employed originally by the plaintiffs. Payment to Mr. Moss out of the residue of the fee would be in effect a payment by Mr. Glover.

After a careful review of the authorities and consultation with attorneys, I have reached the conclusion that Mr. Moss should have approximately one-fourth of the residue of the fee, after the payment to Mr. Downing, and after the payment of expenses, or, to put it in another way, 10 per cent. of the total fee allowed. This would be, in round figures, $1,250. This is larger than the amount conceded by Mr. Downing and Mr. Glover as reasonable for the claim, but less than that contended for by the movant.

Accordingly, a formal entry may be prepared in this summary proceeding, allowing Mr. Moss a fee of $1,250, and that same be paid out of the fund in court.