SAMPSELL et al. v. MONELL.
No. 11458.

Circuit Court of Appeals, Ninth Circuit.
June 10, 1947.

Irving M. Walker and Grainger & Hunt, all of Los Angeles, Cal., for appellants.

Theodore M. Monell, of San Francisco, Cal., pro se.

Before GARRECHT, STEPHENS and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Paul Sampsell, L. Boteler and Stewart McKee, trustees of a bankrupt corporation, appeal from an order of the district court, affirming an order of a referee in bankruptcy, awarding to Theodore Monell, counsel for certain conditional sales contract claimants, an attorney's fee in the sum of $2500. The fee was ordered to be paid out of the bankrupt estate for services in the bankruptcy proceedings of Christ's Church of the Golden Rule, a corporation, in accordance with the terms of the contracts.

The corporation was adjudicated a bankrupt after filing a voluntary petition in bankruptcy under Chapter XI of the Bankruptcy Act of 1898, as amended, 11 U.S. C.A. § 701 et seq., for an arrangement between the corporation and its creditors. The appellants were appointed trustees in bankruptcy of the estate, and further proceedings in bankruptcy followed. At the commencement of the bankruptcy proceedings, the bankrupt had possession of and operated a sawmill through an agent. The title to the real estate and some of the equipment was subject to two conditional sales contracts, with balances due and owing. The attorney for the holders of these contracts was Theodore Monell, the appellee.

The trustees in bankruptcy filed with the referee a petition for the sale of the sawmill, the contracts being described in the petition. An order to show cause was issued as to why the sawmill should not be sold, to which the contract holders filed an answer. The contract holders through their attorney, the appellee, filed a petition in reclamation of the property covered by the contracts which requested that the property either be returned or the balances outstanding paid by the trustees and further that attorney's fees in the sum of $3500 be awarded to appellee. The contracts provided that if any action was brought by the holders of the contracts to enforce the terms thereof and they prevail in such action, they should be entitled to reasonable attorney's fees to be fixed by the court and fixed as a part of the course of suit. An order to show cause was issued and the trustees filed their answer. The petitions were heard, the trustees agreeing to the balances claimed to be due. A date was fixed as a time limit within which the properties should be sold by the trustees, balances and other liens to be paid from the proceeds, or the properties were to be returned to the holders of the contracts. The referee signed and entered an order of sale prepared by appellants' counsel, which cleared title and determined amounts due under liens. In the order the referee fixed $2500 as compensation to appellee for legal services rendered herein to the conditional contract claimants.

The trustees effected a sale for a gross price of $52,000, and upon completion of the necessary proceedings the payment of balances due was made to appellee's clients. The net amount received by the bankrupt estate prior to payment of attorney fees to appellee was approximately $11,500.

The only question on appeal is whether or not the award of $2500 to the appellee was unreasonable, excessive or an abuse of discretion of the lower court.

■ As stated by the referee, attorney's services cannot be measured with any degree of mathematical certainty. Here we are left only with a measure termed "reasonable". The elements in determining a proper fee for an attorney have been summed up in an opinion by Judge Woolsey in Re Osofsky, D.C., 50 F.2d 925, 927:

"(1) The time which has fairly and properly to be used in dealing with the case; because this represents the amount of work necessary. (2) The quality of skill which the situation facing the attorney demanded. (3) The skill employed in meeting that situation. (4) The amount involved; because that determines the risk of the client and the commensurate responsibility of the lawyer. (5) The result of the case, because that determines the real benefit to the client. (6) The eminence of the lawyer at the bar, or in the specialty in which he may be practicing.

"Each case, of course, differs to some extent from every other case in respect of the importance of these several elements."

■ The difficulty with the instant case, as suggested by the referee, was that the appellee was not an attorney for the bankrupt, a trustee in bankruptcy, or any creditor thereof (see Fageol Truck & Coach Co. v. Pacific Indemnity Co., 18 Cal.2d 731, 745, 117 P.2d 661), but rather he represented the sellers under conditional contracts of sale. The purchasers were in default and their assignee, the bankrupt, was without legal rights at the time of bankruptcy. The law of California recognizes the validity of conditional contracts of sale, and even bona fide purchasers from a person to whom personal property is delivered under such an executory contract of sale get no valid claim to the property as against the seller. See Van Allen v. Francis, 123 Cal. 474, 477, 56 P. 339; In re Ideal Laundry, Inc., D.C., 10 F.Supp. 719, 720. In the last cited case it is well stated that "It follows, therefore, that the property in question is that of petitioner [the seller]; it remains the owner, and as such it cannot without its consent be deprived of its property. It is not a creditor; but it is, under the law of California, the absolute owner of the property under an express reservation of title. Consequently, the provisions of the Bankruptcy Act applicable to creditors are not pertinent, but the rights of petitioner are to be determined by the principles of law governing the rights of owners of property. The court cannot, therefore, deal with petitioner's property in such a manner as to deprive it of the same, and there must be an order granting the petition and permitting petitioner to reclaim its property."

■ The petitioners in the instant case, acting through appellee, filed a petition in reclamation; however, the appellee advised them to cooperate with the trustees in an effort to create assets out of the reclaimable properties. The appellee-attorney could have advised his clients, the petitioners, to "sit tight", which might have deprived the bankrupt estate of valuable properties. Without deciding whether the trustees could or could not have reasonably delayed reclamation, the cooperation of the attorney with the trustees brought the estate valuable assets in cash. Thus, the estate was enriched by the action of the appellee and justice calls for a proper reward in light of the circumstances. Bankruptcy courts are "essentially courts of equity, and their proceedings inherently proceedings in equity." Local Loan Co. v. Hunt, 292, U.S. 234, 240, 54 S.Ct. 695, 697, 78 L.Ed. 1230, 93 A.L.R. 195.

■■ Applying the elements to be considered in fixing the attorney's fee in the Re Osofsky, supra, we hold that the fee fixed and allowed was not exorbitant. The fee was payable to a third party pursuant to a contract and was not one payable to a party to the bankruptcy proceeding wherein the fee is governed by a strict rule of economy of administration. The sum recovered by appellee's clients was approximately $32,000. The appellant contends that the case was a simple one and further that there was little litigation or time spent. In Woodbury v. Andrew Jergens Co., D.C., 37 F.2d 749, 750, the court stated that "The value of a lawyer's services is not measured

by time or labor merely. The practice of law is an art in which success depends as much as in any other art on the application of imagination—and sometimes inspiration —to the subject-matter. The exercise of these faculties may occur at any stage in a case, though their influence on the course of the proceeding may not be established till its outcome. In order, therefore, accurately to chancer the value of a lawyer's services, one must almost always examine them in the light of the event." See Adair Lumber Co. v. Atchison, T. & S. F. Ry. Co., D.C., 19 F.Supp. 415. It was specifically assumed by acceptance of liability of these contracts that the defaulting party should pay attorney's fees in event of suit, and we are in agreement that the services herein were properly evaluated by the referee and approved by the court. We do not disturb discretionary determinations of the trial body unless the discretion has been abused, and it is clear that this is not the case in this instance. See Calhoun v. Stratton, 6 Cir., 61 F.2d 302; In re American Range & Foundry Co., D.C., 41 F.2d 845; Remington on Bankruptcy, §§ 3669, 3871, 3874, 2676.

Affirmed.