**Sigfried LEVITT, an interested party, Appellant,**

v.

**Gilbert ROBINSON, Trustee in Bankruptcy of Astrobell, Inc., debtor, Appellee.**

No. 22007.

United States Court of Appeals
Ninth Circuit.

Oct. 28, 1968.

Sigfried Levitt (argued), Los Angeles, Cal., for appellant.

Richard R. Clements (argued), of Sprague & Clements, Los Angeles, Cal., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and CRARY, District Judge.*

CRARY, District Judge:

This appeal is from an Order and Judgment of the District Court, Central District of California, entered April 18, 1967, affirming the Referee's Findings of Fact, Conclusions of Law and Order of September 8, 1966, fixing appellant's fee for services to the bankrupt in the sum of $750.

Appellant, on February 26, 1964, filed a petition for Arrangement for Astrobell, Inc. Prior to the filing of the petition, Astrobell had assigned certain accounts receivable to appellant, from which he realized $2,794.28, for legal services to be rendered in the Arrangement proceedings. The appellant expended $140.50 in costs on behalf of the debtor.

---

* Honorable E. Avery Crary, United States District Judge, Central District of California, sitting by designation.

The Plan of Arrangement, as submitted, was not confirmed because the debtor did not make the necessary deposit required by Title 11 U.S.C. § 762, and the debtor was declared bankrupt on May 26, 1964. Appellant was replaced as counsel for the debtor on May 29, 1964.

On January 29, 1965, a creditor of Astrobell filed a petition to review payment by debtor to appellant. The appellant thereafter made application for additional compensation to bring his total fee to $5,000.

The Referee, after a hearing, filed his Memorandum Opinion on March 22, 1965, and thereafter, on April 5, 1965, made an Order providing that appellant was entitled to $750 attorneys fees and $140.50 as costs, and that appellant be surcharged in the sum of $1,960.91. This Order was set aside by stipulation on May 4, 1965, because, at that time, there was a confirmed Chapter XI proceeding (a second Plan filed by new counsel) pending. The second Plan was not consummated and the bankruptcy proceeded.

Appellant's application for fees was again heard on June 13, 1966, together with objections thereto and the application to review the payment by the debtor to appellant.

On June 27, 1966, the Referee filed a "Memorandum Opinion Re Attorneys Fees" and again the appellant's fee was fixed in the sum of $750, plus $140.50 costs, and he was surcharged the sum of $1,903.78. Findings of Fact and Conclusions of Law and Order were filed September 8, 1966.

In essence, the appellant attacks the Order of the Referee on the grounds:

(a) He misinterpreted Section 60d of the Bankruptcy Act (11 U.S.C. 96(d)) and did not consider all services rendered by the appellant, but only 64a(1) (11 U.S.C. 104(a) (1)) type services, and

(b) That the Referee's Orders, both providing for a fee of $750 and surcharging appellant, are irrec-

oncilable and constitute an abuse of discretion by the Referee.

This court, in Klein v. Rancho Montana De Oro, Inc., 263 F.2d 764, 770 (9 C.A.1959) said:

"It was the duty of the court to allow a reasonable compensation for the service rendered. We will not disturb the allowance unless we determine that there has been an obvious miscarriage of justice."

The court went on to observe that the fee ($250) allowed in that case was "indeed modest" but that "* * * the bankruptcy court was in a much better position than are we to evaluate those services."

Examination of the record and the Opinion and Findings of Fact of the Referee discloses that he fixed the fee involved after full consideration of the applicable rules and standards as stated in Sampsell v. Monell, 162 F.2d 4, 6 (9 C.A.1947).

The court does not conclude that the Orders of the Referee are irreconcilable, particularly when his observations made during the June 13, 1966, hearing are considered (Vol. 2, R.). At the June 13th hearing, the appellant detailed all of the services he performed and the court made comment thereon. The court's Findings, dated September 8, 1966, were clearly in contemplation of services rendered by appellant, *both before and after* the first Arrangement proceedings (Paragraphs 4 and 5, pg. 150, Vol. 1, R.).

The fact the Referee did not allow a larger sum for services by his second Order does not necessarily make the second Order clearly erroneous. Some of the authorities relative to fees such as here involved are more restrictive than others, but the court concludes that the Referee in the instant matter considered all services rendered by the appellant and, although the award may be deemed modest and to include little, if anything, for services after the filing of the petition for Arrangement, the award is not deemed to be clearly erroneous in

the circumstances nor does there appear to be any clear mistake on the part of the Referee in applying the law.

 It is well established that the issue is not whether this court might conclude the fee of appellant should have been fixed in a larger amount, but rather, are the Findings of Fact of the Referee clearly erroneous. Rule 52(a), F. R.Civ.P.; Lundgren v. Freeman, 307 F. 2d 104, 115 (9 C.A.1962); and Snider v. England, 374 F.2d 717, 720 (9 C.A. 1967).

The Order and Judgment of the District Court, affirming the Referee's Findings of Fact, Conclusions of Law and Order of September 8, 1966, is affirmed.