In re Richard H. BULLOCK, dba Odyssey Records & Tapes, Debtor.

Paul B. ANDREW, Appellant,

v.

KMR CORPORATION, a Washington Corporation, Appellee.

BAP No. NC. 81–1091 EVK.
Bankruptcy No. 3–79–01740.
Adv. No. 3–80–0014.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Oct. 23, 1981.

Decided Feb. 5, 1982.

Craig Stuppi, Edward Tredinnick, Phelan & Stuppi, San Francisco, Cal., for appellant.

Gerald F. Ellersdorfer, San Francisco, Cal., for appellee.

Before ELLIOTT, VOLINN and KATZ, Bankruptcy Judges.

## OPINION

ELLIOTT, Bankruptcy Judge:

Paul Andrew, the trustee of the debtor's estate, appeals from an award of $2,055.04 in attorney's fees and costs to KMR Corporation. KMR was the lessor of one of several stores operated by the debtor.

The debtor Bullock filed his Chapter 11 case on November 6, 1979. When KMR filed an adversary proceeding on January 24, 1980 for relief from stay, for termination of the lease, for rent and other relief, the rent was unpaid for the months of November, December and January.

Following some considerable amount of legal maneuvering by the parties, the trustee was permitted to assume the lease under 11 U.S.C. § 365 and assign it to a purchaser for $29,000. From the $29,000, the trustee paid $13,500 to KMR to cure the default.

The lease between KMR and the debtor contains an attorney's fee clause which, in part, requires the lessee to pay a reasonable attorney's fee if the lessor employs an attorney by reason of the lessee's default.

The court below found that the payment of KMR's attorney's fees incurred in the adversary proceeding should be paid as part of curing the default under 11 U.S.C. § 365(b)(1)(A) and in compensation for KMR's actual pecuniary loss under 11 U.S.C. § 365(b)(1)(B).

The trustee argues that the allowance of fees to the landlord's attorney is contrary to the true goals of the Bankruptcy Code, and that it would be inequitable to, in effect, take the money from general creditors of the estate for the benefit of the landlord.

The purpose of § 365(b)(1)(B) is to indemnify the other party to the contract or lease being assumed, against loss. The purpose of an attorney's fee clause in a lease as well as an attorney's fee clause in a security agreement is the same, to indemnify the lessor or secured party against legal expenses incurred by reason of the other party's default.

Historically bankruptcy courts have awarded fees to a secured creditor where the bankrupt contractually agreed to pay attorney's fees, to the extent of the value of the collateral, *Sampsell v. Monell*, C.A. 9th (1947) 162 F.2d 4.

In the case of *Womack Lumber Co. v. Guaranty Mortgage Co.*, C.A. 6th (1975) 527 F.2d 681 at 687, the court held that where the purpose of the attorney's fee clause in a contract is to indemnify a party against the expense of enforcing the agreement,

> ... the tests of reasonableness of the fee are not to be found in bankruptcy precedents....

On remand, the Bankruptcy Court must hear evidence as to what expenses and legal fees actually were incurred and paid by Guaranty Mortgage.

■ This does not give the landlord or secured party a blank check upon the estate of the debtor for attorney's fees. In some instances, attorney's fees, although provided for by contract, may be denied; *In re Morales Vda. de Cruz*, D.C.Puerto Rico (1973) 357 F.Supp. 1118, *Quaker Oats Company v. Burnett*, E.D.Tenn. (1968) 289 F.Supp. 283, and in other cases, limited. In *LeLaurin v. Frost Nat'l Bank of San Antonio*, 391 F.2d 687, 690 (5th Cir.), cert. denied, 393 U.S. 979, 89 S.Ct. 447, 21 L.Ed.2d 440 the Court said:

> The contract being in the nature of a contract of indemnity, the Bank cannot be permitted to make a profit to itself by stipulating for a larger fee or having included in its allowed claim a larger amount that the reasonable attorney's fee it will have to pay.

Appellee asks for attorney's fees on appeal.

■ The purpose of an attorney's fee clause in a lease is to indemnify the landlord, if he prevails, against the necessity of paying legal expenses. That clause is effective for appeals as well as the initial trial. *Hahn v. Hahn*, 123 Cal.App.2d 97, 103, 266 P.2d 519; *Cirimele v. Shinazy*, 134 Cal. App.2d 50, 53, 285 P.2d 311.

The judgment is AFFIRMED and remanded to the trial court for the fixing of a reasonable additional fee to be allowed appellee for this appeal. Appellee will also recover its costs on appeal.