**In re J.W. MAYS, INC., Debtor.**

**255 TURNPIKE ASSOCIATES, a Partnership, Plaintiff,**

v.

**J.W. MAYS, INC., Debtor and Debtor-in-Possession, Defendant.**

**Bankruptcy No. 82 B 10159.**

**Adv. No. 82 5278 A.**

United States Bankruptcy Court, S.D. New York.

June 20, 1983.

Whitman & Ransom, New York City, for debtor.

Hahn & Hessen, New York City, for plaintiff.

DECISION ON DEBTOR'S APPLICATION TO ASSUME LEASE

EDWARD J. RYAN, Bankruptcy Judge.

Debtor, J.W. Mays, Inc. (Mays) seeks an order declaring that it is authorized to as-

sume a certain lease and that it is not liable to the landlord for attorney's fees and interest on pre-petition rent through January 31, 1983. For the reasons set forth below, the debtor's application is granted in part and denied in part.

On January 25, 1982 (the filing date), Mays filed a petition under Chapter 11 of the Bankruptcy Code.

Thereafter, 255 Turnpike Associates, the landlord of the premises located at 257–19 through 258–05 Union Turnpike, Glen Oaks, New York, wherein the debtor is a tenant, commenced an adversary proceeding against the debtor requiring the debtor, among other things, to assume or reject the lease dated July 25, 1966.

At a hearing held before this court, on January 18, 1983, the debtor advised the court that it had decided to assume the lease and cure all defaults. The landlord advised the court that it had no objection to such an assumption. The landlord noticed an order for settlement on February 9, 1983. The proposed order would direct the debtor to assume the lease and cure all defaults by paying to the landlord pre-petition rent of $41,253.35 plus interest on that debt at the legal rate aggregating $4,033.46 through January 31, 1983, and attorney's fees in the amount of $3,000. The debtor's proposed counter-order asserts that a cure of all defaults does not include payment of interest and attorney's fees.

The question before the court is whether the debtor is liable to the landlord for payment of interest on the pre-petition debt and attorney's fees expended in connection with the bringing of the adversary proceeding.

The landlord contends that interest and attorney's fees should be paid as part of curing the default under Section 365(b)(1)(A)[1] of the Bankruptcy Code and in compensation for the lessor's actual pecuniary loss pursuant to Section 365(b)(1)(B) of the Code.[2] The landlord also relies on provision 20 in the lease agreement which provides:

In case the lessor, after ten (10) days' written notice from lessor to lessee, shall reasonably pay or be compelled to pay any sum of money, or do any act which shall require the expenditure or payment of any sum by reason of the failure of lessee to perform any one or more of the agreements or covenants herein contained, lessee hereby covenants, promises and agrees to immediately repay the same to lessor upon demand, and in default thereof, then the sum so paid by lessor together with all interest, costs, and damages, shall or may be added as additional rent to be fixed rent becoming due upon the next rent day, or on any subsequent rent day, and shall be payable as such.

The landlord claims that this provision is a specific provision providing for payment of attorney's fees and interest. Landlord relies on *In re Bullock,* 17 B.R. 438 (9th Cir. 1982), as support for its position. *In Bullock,* the court awarded the landlord attorney's fees incurred in an adversary proceeding as part of curing the debtor's default and in compensation for the landlord's actual pecuniary loss under Section 365 of the Bankruptcy Code. However, reliance on that case is misplaced. In *Bullock,* the lease contained specific language requiring the debtor to pay reasonable attorney's fees if the landlord employed an attorney by rea-

---

1. Section 365(b)(1)(A) provides:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default; ....

2. Section 365(b)(1)(B) of the Code provides:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; ....

son of the tenant's default. The *Bullock* court relied on this clear language concerning payment of attorney's fees in conjunction with § 365 of the Code granting an award of attorney's fees. Neither provision 20 nor any other provision in the instant lease contains such express language. The court in *Bullock* did not hold that § 365 alone would allow recovery of attorney's fees and this court will not hold so now.[3] Therefore, the landlord is not allowed attorney's fees or interest based on this ground.

The landlord also relies on *Sampsell v. Monell,* 162 F.2d 4 (9th Cir.1947), which stands for the proposition that historically bankruptcy courts have awarded fees to a secured creditor where the bankrupt contractually agreed to pay attorney's fees to the extent of the value of the collateral. In *Sampsell,* as in *Bullock,* the contract specifically provided for payment of attorney's fees.

*Sampsell* also noted that the fee was payable to a third party pursuant to the contract and was not payable to a party to the bankruptcy proceeding wherein the fees were governed by the then prevailing strict rule of economy of administration. *Id.* at 6.

In *Cuyler Realty Co. v. Teneo Co., Inc.,* 196 A.D. 440, 188 N.Y.S. 340, *aff'd* 233 N.Y. 647, 135 N.E. 954 (1922), the court denied attorney's fees where no express agreement by the tenant to pay such was contained in the lease.

> It would be, I think, unreasonable to construe these provisions as applicable to the payment of counsel fees incident to an action by the landlord to compel the observance by the tenant of its obligations under the lease. They should be deemed applicable only to actual payments made by the landlord with respect to one or more of the things particularly specified in the lease.

Manifestly the lease contemplated definite fixed disbursement which might be added to the lease as rent and collected as such; and the provisions were not intended to, and are not appropriate to, embrace counsel fees . . . .

*Id.* 188 N.Y.S. at 342.

The denial of attorney's fees is required by landlord-tenant law.

> Leases often contain a covenant providing for the tenant's payment, as additional rent, of reasonable attorney's fees and other expenses incurred by the landlord in instituting proceedings because of the tenant's default under the lease,[12] and such a covenant has been held to be valid and not contrary to public policy,[13] so long as it is reasonable and not in the nature of a penalty or forfeiture.[14] *However, in the absence of an express agreement by the tenant to pay attorney's fees as additional rent, the tenant will not be liable therefor.* Thus, a covenant that in case the landlord should be compelled to pay or should pay any sum of money, or should be compelled to do so should do any act requiring the payment of money, owing to the tenant's failure to perform any one or more of the covenants of the lease, then the sum so paid or required to be paid, together with interest, costs, and damages, should be added to the subsequent rent instalments and would be collectible as additional rent, *cannot be construed as embracing* attorney's fees.[15] (emphasis added; footnotes omitted)

34 N.Y.Jur., *Landlord and Tenant* § 275 at 82–83 (1964).

The landlord's request herein for attorney's fees of $3,000 is denied.

The second part of the landlord's claim is for interest on the pre-petition rent claim at the legal rate of interest aggregating $4,033.46 through January 31, 1983. Although Section 502(b)(2) of the Bankruptcy Code [4] adopts the accepted proposition that

---

**3.** Note that the court did not hold that a contract provision for attorney's fees would convey an absolute right to recover such fees.

**4.** Section 502(b)(2) of the Code provides:
  (b) Except as provided in subsections (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of filing of the petition, and shall allow such claim in such amount, except to the extent that—

there is a suspension of the accrual of interest as of the date of the filing of the petition,[5] such rule applies to claims filed against the debtor as distinguished from defaults to be cured under assumed executory contracts.

The cure of a default under an unexpired lease pursuant to 11 U.S.C. § 365 is more akin to a condition precedent to the assumption of a contract obligation by a debtor than it is to a claim in bankruptcy. One of the purposes of Section 365 is to permit the debtor to continue in a beneficial contract provided, however, that the other party to the contract is made whole at the time of the debtor's assumption of said contract.

In construing a lease and its attendant obligations applicable state law governs, unless a specific bankruptcy statute expressly provides to the contrary. 3A *Collier on Bankruptcy* ¶ 63.33[2.2] (14th ed. 1975) (cumulatively supplemented to 1979); see also *In re A.R. Dameron & Assoc., Inc.,* 3 B.R. 450, 1 CBC 2d 1110, 1112–13 (Bkrtcy. N.D.Ga.1980).

Under New York law, where there is a default in payment of rent, "[a] tenant is bound to pay interest on installments of rent from the time they become due." Resch, 1 New York Landlord & Tenant Summary Proceedings Section 362 (2d ed. 1950) (supplemented to date). *See Bryant Park Building, Inc. v. Richmond,* 85 N.Y. S.2d 531 (S.Ct.N.Y.Co.1948).

Thus, to make the landlord herein whole pursuant to Section 365 of the Code, the debtor assuming the lease is required to make payment of interest on the pre-petition unpaid rent instalments.

In conclusion, the debtor's assumption of the lease is approved, provided that the debtor simultaneously cures all defaults, to wit: $41,243.35 of unpaid rent instalments plus interest at the legal rate of interest

(2) such claim is for unmatured interest; * * *.

5. 3 Collier on Bankruptcy, ¶ 502.02[2] (15 ed. 1982); *see also City of New York v. Saper,* 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1948); *Vanston Bondholders Protective Committee v.*

aggregating $4,033.46 through January 31, 1983.

Settle an appropriate order.

*Green,* 329 U.S. 156, 163, 67 S.Ct. 237, 240, 91 L.Ed. 162 (1946), wherein the Supreme Court stated that "the general rule in bankruptcy and in equity receivership has been that interest on the debtors obligation ceases to accrue at the beginning of the proceeding."