In re EAGLE BUS MANUFACTURING, INC., Greyhound Lines, Inc., Trailways Commuter Transit, Inc., Buslease, Inc., GLI Bus Operations Holding Company, GLI Food Services, Inc., Southern Greyhound Lines, Co., GLI Holding Company, Central Greyhound Lines, Co., Greyhound Travel Services, Inc., Eastern Greyhound Lines, Co., and Western Greyhound Lines, Co., Debtors.

Bankruptcy Nos. 90–00985–B–11 to 90–00990–B–11, 90–01984–B–11 to 90–01989–B–11.

United States Bankruptcy Court, S.D. Texas, Brownsville Division.

Dec. 15, 1992.

Douglas F. Price, Asst. Gen. Counsel, Okl. Tax Comm'n, Oklahoma City, OK, for Okl. Tax Comm'n.

Rebecca M. Fowler, Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, OK, Alan Shore Gover, Weil, Gotshal & Manges, Houston, TX, for Eagle Bus Mfg., Inc.

## MEMORANDUM OPINION ON OBJECTION TO ADMINISTRATIVE CLAIM OF THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY

RICHARD S. SCHMIDT, Bankruptcy Judge.

On this day came on for consideration the objection of Greyhound Lines, Inc., ("GLI"), and GLI Food Services, Inc., ("GLI Food"), (collectively the "Debtors") to portions of the administrative claim of the Port Authority of New York and New Jersey (the "Port Authority"). The Court, having heard the evidence and arguments of counsel, and having reviewed the pleadings and briefs on file herein, and the relevant case law, finds that the administrative claim of the Port Authority should be allowed as set forth herein. In support of thereof, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On June 4, 1990, GLI and five of its affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On November 1, 1990, the remaining affiliates filed voluntary petitions for relief un-

der Chapter 11. The cases were jointly administered and the Debtors' Third Amended Plan of Reorganization (the "Plan") was confirmed on October 10, 1991. The Plan required that administrative claims be filed within 30 days of the Plan's effective date.

The Port Authority filed timely its administrative claim against GLI in the total amount of $1,669,123.46, representing (1) unpaid pre-petition rent in the amount of $1,456,587.74; (2) interest on unpaid rent in the amount of $191,549.72; and (3) attorneys' fees and expenses in the amount of $20,986.00. The Port Authority also filed timely its administrative claim against GLI Food in the total amount of $7,178.11, which includes a claim of $644.42 for interest on unpaid rent.

The Debtors objected to the Port Authority's claims. At the hearing on the Debtors' objections, the Port Authority announced that it withdrew its claim for attorneys' fees and expenses, and the Debtors agreed on the amount of unpaid rent claimed. The only remaining issue is whether the Port Authority is entitled to interest on unpaid rent as part of its administrative claim resulting from the Debtors' assumption of the unexpired leases.

The Port Authority leased to GLI and GLI Food certain space commonly referred to as the "Port Authority Bus Terminal." On the date the Debtors filed their voluntary petition, GLI and GLI Food was indebted to the Port Authority for unpaid rent. The Port Authority Bus Terminal is located in the State of New York. The leases executed between the Port Authority and the Debtors are silent as to whether the Port Authority is entitled to recover interest on unpaid rent.

## CONCLUSIONS OF LAW

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the Standing Order of Reference of the United States District Court for the Southern District of Texas dated August 9, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The parties do not dispute the Court's jurisdiction.

■ The issue before the Court is whether the Port Authority is entitled to interest on unpaid rent to cure default or as actual pecuniary loss suffered by it and required by the Bankruptcy Code for assumption of a lease under 11 U.S.C. § 365(b)(1). The landlord, here the Port Authority, bears the burden of proving its right to payment for "all elements of compensation and damages for pecuniary loss". *In re Joshua Slocum, Ltd.*, 103 B.R. 601, 605 (Bankr. E.D.Pa.1989). Section 365 of the Bankruptcy Code allows the assumption of an executory contract, including an unexpired lease. If the Debtor is in default under the terms of the lease, Section 365(b)(1) requires the trustee (or, here, the Debtor) to take following actions at the time of assumption:

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default;

(C) provides adequate assurance of future performance under such contract or lease—11 U.S.C. § 365(b)(1).

The Debtors here are not required to pay interest as part of the "cure" requirement of § 365(b)(1)(A) because in this case the leases do not require payment of interest to cure default. The Port Authority contends that interest on unpaid rent is part of its "actual pecuniary loss" resulting from the Debtors' default. The Debtors argue that interest is not a component of the Port Authority's damages because the leases are silent as to the Port Authority's right to interest for unpaid rent. The Fifth Circuit is silent on the issue.

■ Obviously, the Debtors' failure to make rent payments resulted in a loss to the Port Authority. Had the Debtors not defaulted on their rent payments, the Port Authority would have had the use of the payments. The primary way to compensate a creditor for its loss of use of money

is interest. Simple logic, therefore, would dictate that interest should be included as part of a landlord's actual pecuniary loss. At least one other court has recognized such reasoning, holding as follows:

Clearly, interest is an actual pecuniary loss flowing directly from the admitted default of the Debtor. Thus, it is a compensable item under § 365(b)(1)(B) of the Bankruptcy Code which must be paid as a condition precedent to the Debtor's assuming the Agreement.—*In re Hillsborough Holdings Corp.,* 126 B.R. 895, 898 (Bankr.M.D.Fla.1991).

Other courts have allowed the recovery of interest where the lease itself provided for payment of interest on unpaid rent. *In re Tech Hifi, Inc.,* 49 B.R. 876 (Bankr. D.Mass.1985); *In re Diamond Head Emporium, Inc.,* 69 B.R. 487 (Bankr.D.Hawaii 1987). Where the lease is silent as to the right to interest on unpaid rent, the courts generally look to State law. *In re Joshua Slocum, supra.; In re Westview 74th Street Drug Corp.,* 59 B.R. 747 (Bankr. S.D.N.Y.1986) (lease silent as to rate of interest); *In re J.W. Mays,* 30 B.R. 769 (Bankr.S.D.N.Y.1983).

In the *Mays* case, the lease required payment of interest for any expenditures the landlord incurred, but there was no provision for interest on unpaid rent. The Court recognized that § 365 of the Code allows a debtor to "continue in a beneficial contract provided, however, that the other party to the contract is made whole at the time of the debtor's assumption of said contract." 30 B.R. at 772. The Court then applied New York law, which requires payment of interest on unpaid rent.

In the *Joshua Slocum* case, *supra,* the Court allowed the claim of two of the three landlords for interest on unpaid rent because the evidence showed that the leases contained provisions for interest. The Court in *Joshua Slocum* recognized that interest must be paid as part of a tenant's cure *"if* the lease contains a provision for interest, or if state law requires interest." 103 B.R. at 609.

▪ The leases before this Court contain no provision for payment of interest on unpaid rent. The law of the State of New York applies in this case and provides that when a default in payment of rent occurs, "[a] tenant is bound to pay interest on installments of rent from the time they become due." Resch, 1 New York Landlord & Tenant Summary Proceedings Section 362 (2d ed. 1950); *Bryant Park Building, Inc. v. Richmond,* 85 N.Y.S.2d 531 (S.Ct.N.Y.Co.1948); *In re J.W. Mays,* 30 B.R. at 772; *In re Westview 74th Street Drug Corp.,* 59 B.R. at 757. When a lease does not provide for interest on unpaid rent, the court will look to applicable State law. If State law provides for interest on unpaid rent, then a landlord may recover it as an actual pecuniary loss.

### CONCLUSION

For the reasons cited above, this Court finds that the Port Authority is entitled to interest on its administrative claim at the legal rate of the State of New York. A separate Order Allowing the Administrative Claim shall be entered herewith.

At Corpus Christi, Texas, this 15th day of December, 1992.